**STATE OF HAWAII**, Plaintiff–Appellant, v. **RICHARD ROSENDO COYASO**, Defendant–Appellee

NO. 15426

(CR. NO. 91–039)

JANUARY 21, 1992

BURNS, C.J., HEEN, J., AND CIRCUIT JUDGE CRANDALL, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY HEEN, J.

The State appeals from the April 30, 1991 order of the circuit court dismissing with prejudice the charge of Assault in the Third Degree, Hawaii Revised Statutes (HRS) § 707–712 (1985), against Defendant–Appellee Richard Rosendo Coyaso (Defendant). We affirm the dismissal; however, we vacate that portion of the order stating that the dismissal is with prejudice and remand with instructions to reconsider that question in accordance with the following discussion.

I.

The relevant events are as follows:

| | |
|---|---|
| July 6, 1990: | Defendant arrested; |
| August 3, 1990: | Defendant appeared in district court and entered plea of not |

|  | guilty; Trial set for January 22, 1991; |
| August 28, 1990: | Public defender appointed to represent Defendant; |
| October 26, 1990: | Defendant filed Demand for Jury Trial in district court; |
| January 22, 1991: | Defendant appeared in district court and advised court of demand; court committed case to circuit court; |
| February 7, 1991: | Commitment filed in circuit court; |
| February 22, 1991: | Defendant appeared in circuit court; trial set for March 18, 1991; Defendant requested 14 days to file Rule 48, Hawaii Rules of Penal Procedure (HRPP) (1977), motion to dismiss (Motion); |
| February 26, 1991: | Motion filed; |
| March 6, 1991: | Motion heard; |
| March 13, 1991: | Court informed counsel by telephone motion granted; |
| April 30, 1991: | Order dismissing complaint with prejudice entered. |

In its findings of fact and conclusions of law and order, the court held that between July 6, 1990, and January 22, 1991, more than six months had elapsed, and none of the time was excludable under Rule 48(c). The court further held that the March 18, 1991 trial date, excluding the period requested by Defendant "for the filing of pretrial motions," was also more than six months from the

date of arrest.[1]  In dismissing the charge with prejudice, the court stated it had "considered the seriousness of the misdemeanor charge, the facts and circumstances which led to the dismissal and the impact of dismissal without prejudice on the administration of Rule 48, HRPP."

On appeal, the State argues that the lower court erred, first, in dismissing the charge and, second, in dismissing it with prejudice.

## II.

The State contends that, since the committal to circuit court for a jury trial requires a court order, Defendant was required, pursuant to Rule 47, HRPP (1977),[2] to file a motion seeking the order.[3]  Therefore, the State asserts, the jury trial demand was really a motion, and the time between its filing on October 26, 1990, and its determination on January 22, 1991, should have been excluded under Rule 48(c)(1), HRPP.  We do not agree that

---

[1] The circuit court erred in concluding that the 14 days requested by Defendant were excludable.  The court based its ruling on the fact that the 21 days after arraignment in which pretrial motions were required to be filed by Rule 12(c), Hawaii Rules of Penal Procedure (HRPP) (1977), had already expired when the request was made.  However, a motion to dismiss for violation of a defendant's Rule 48(b), HRPP speedy trial right may be filed at any time before the trial commences and is not governed by Rule 12(c), HRPP.  The excludable period was from February 26, 1991, to March 13, 1991.

[2] Rule 47, HRPP (1977), reads as follows:

**MOTIONS.**

> An application to the court for an order shall be by motion.  A motion other than one made during a trial or hearing shall be in writing unless the court permits it to be made orally.  It shall state the grounds upon which it is made and shall set forth the relief or order sought.  It may be supported by affidavit.

[3] The State also relies on Rule 12(b), HRPP, which allows pretrial motions, and Rule 7, Rules of the District Court (1980), which requires all motions to be accompanied by a notice of hearing or of setting of hearing.  The rules are not applicable.

the demand was a motion. However, its filing did trigger some excludable time.

Defendant was charged with a misdemeanor and had the right to a jury trial. *See State v. Shak*, 51 Haw. 612, 466 P.2d 422, *cert. denied*, 400 U.S. 930, 91 S. Ct. 191, 27 L. Ed. 2d 190 (1970). Once Defendant asserted his right to a jury trial, the district court was deprived of jurisdiction over him, *State v. Villados*, 55 Haw. 394, 520 P.2d 427 (1974), and was required "forthwith" to commit him to circuit court for a jury trial and to "transmit to the circuit court all papers in the proceeding[.]"[4] Rule 5(b)(3), HRPP. The demand did not require deliberation by the court or a hearing and cannot be considered a motion under Rule 48(c)(1), HRPP.

Nevertheless, the demand for jury trial is a collateral proceeding concerning Defendant, and the time necessary for the district court to comply with Defendant's demand and to complete the commitment to circuit court is excludable under Rule 48(c)(1), HRPP.[5] Under the circumstances of this case, however, Defendant's demand was not responsible for all of the delay, and the entire period cannot be excluded.

Had the district court, as required, acted forthwith on Defendant's October 26, 1990 demand, the case would have been

---

[4] Hawaii Revised Statutes § 604–8 (1985) states that if the demand for jury trial is not made within ten days of arraignment, the district court may retain jurisdiction. In this case, Defendant's demand was entered more than ten days after his arraignment. That fact does not affect the outcome of the appeal, since he was not represented by counsel until 25 days after arraignment. Also, at his arraignment, he was not advised of his right to a jury trial.

[5] Rule 48(c)(1), HRPP, reads as follows:

    **(c) Excluded Periods.** The following periods shall be excluded in computing the time for trial commencement:

    (1) periods of delay resulting from collateral or other proceedings concerning the defendant, including but not limited to penal irresponsibility examinations and periods during which he is incompetent to stand trial, hearings on pretrial motions, interlocutory appeals and trials of other charges[.]

transferred long before January 22, 1991. This is evidenced by the fact that after Defendant orally informed the district court on January 22, 1991, that the demand had been filed, the commitment was filed in circuit court in 13 days. Those 13 days are clearly excludable. However, since Defendant was not responsible for the delay before January 22, 1991, that period is not excludable.

Since the remaining elapsed time exceeded six months, the circuit court correctly dismissed the charge. We now address the question whether the dismissal with prejudice was an abuse of discretion.[6]

## III.

In *State v. Estencion*, 63 Haw. 264, 625 P.2d 1040 (1981), the supreme court adopted as a requirement of Rule 48(b) the following language of the Federal Speedy Trial Act:

> In determining whether to dismiss the case with or without prejudice, the court shall consider *among others*, each of the following factors: the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

63 Haw. at 269, 625 P.2d at 1044 (quoting Federal Speedy Trial Act, 18 U.S.C.A. § 3162(a)(1) (1969 & Supp. 1980) (emphasis added)).

Relying on *United States v. Taylor*, 487 U.S. 326, 108 S. Ct. 2413, 101 L. Ed. 2d 297 (1988), where the Supreme Court held that under the Federal Speedy Trial Act, prejudice to the defendant must be considered in arriving at the nature of the dismissal to be

---

[6] The decision whether the dismissal for a Rule 48(b) violation shall be with or without prejudice is addressed to the sound discretion of the court and will not be overturned without a clear showing of abuse. *State v. Estencion*, 63 Haw. 264, 625 P.2d 1040 (1981).

ordered, the State argues that the court in the instant case abused its discretion when it dismissed the complaint with prejudice without considering whether Defendant was prejudiced by the delay. We agree.

In the constitutional speedy trial context, one of the factors to be considered is prejudice to the defendant caused by oppressive pretrial incarceration, the ignominy occasioned by pending criminal charges, and the difficulty of preparing for trial. *State v. Nihipali*, 64 Haw. 65, 637 P.2d 407 (1981). Although the speedy trial right under Rule 48(b) is separate and apart from the constitutional right, *see State v. Durry*, 4 Haw. App. 222, 665 P.2d 165 (1983), its purpose "is to ensure an accused a speedy trial[.]" *Estencion*, 63 Haw. at 268, 625 P.2d at 1043. Rule 48(b) establishes a firm six–month period within which a defendant must be afforded a trial. Nevertheless, prejudice to the defendant remains, in our view, the underpinning of the rule and is one of the "other" factors mandated by *Estencion* that must be considered by the court in deciding the sanction to be imposed. Also, in our view, the burden is on the defendant to show prejudice. *Compare State v. Ferraro*, 8 Haw. App. 284, 800 P.2d 623 (1990).

Here, the circuit court's justification for the dismissal with prejudice indicates that it did not consider prejudice to Defendant in imposing the sanction. On its face, the decision is an abuse of discretion.

## CONCLUSION

We affirm the dismissal of the complaint in this case; however, we vacate that portion of the order holding that the dismissal is with prejudice. This matter is remanded to the circuit court with instructions to detail its consideration of the factors, including prejudice to Defendant, and to reconsider, based on those factors, the issue of whether the dismissal shall be with or without prejudice.

*Ricky Roy Damerville*, Deputy Prosecuting Attorney, County of Hawaii, on the briefs for plaintiff–appellant.

*Joyce K. Matsumori–Hoshijo*, Deputy Public Defender, on the brief for defendant–appellee.