**\*\*\*  FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER  \*\*\***

**Electronically Filed
Supreme Court
SCWC-13-0000636
16-MAR-2018
08:30 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---oOo---

_____

STATE OF HAWAIʻI, Respondent/Plaintiff-Appellant,

vs.

QUINCY L.F. CHOY FOO, III, Petitioner/Defendant-Appellee.
_____

SCWC-13-0000636

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-13-0000636; CR. NO. 12-1-0000829)

MARCH 16, 2018

McKENNA, POLLACK, AND WILSON, JJ., WITH NAKAYAMA, J.,
DISSENTING, WITH WHOM RECKTENWALD, C.J., JOINS

OPINION OF THE COURT BY McKENNA, J.

## I.    Introduction

This appeal stems from the Circuit Court of the First

Circuit's ("circuit court")[1] grant of Quincy L.F. Choy Foo, III's

("Choy Foo") Motion to Dismiss Charges for Violation of Hawaiʻi

Rules of Penal Procedure ("HRPP") Rule 48 (2000) ("motion to

_____

[1]    The Honorable Patrick W. Border presided.

dismiss"). On April 5, 2013, the circuit court granted Choy Foo's motion to dismiss the charge with prejudice.[2]

Choy Foo seeks review of the Intermediate Court of Appeals' ("ICA") December 29, 2016, opinion, which vacated the dismissal order and remanded the case. The ICA held that a twenty-one day period between Choy Foo's arraignment and a hearing on his waiver or demand of jury trial ("waiver/demand hearing") was excludable from HRPP Rule 48 calculations under subsections (c)(1) and (c)(8). The ICA concluded that Choy Foo's HRPP Rule 48 rights had therefore not been violated. Although not necessary to its holding because it held that Rule 48 had not been violated and the case should not have been dismissed, the ICA also stated the circuit court erred in failing to consider and articulate its analysis of the factors identified in State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981), in dismissing the case with prejudice.

For the reasons below, we hold the twenty-one day period between Choy Foo's arraignment and the first setting of the waiver/demand hearing was not excludable pursuant to HRPP Rule 48(c)(1) or (c)(8). The circuit court therefore correctly ruled

---

[2] A dismissal with prejudice prohibits the State from re-filing the charges and re-starting prosecution of the case. See Dismissal with prejudice Black's Law Dictionary (10th ed. 2014) ("A dismissal . . . barring the plaintiff from prosecuting any later lawsuit on the same claim.")

2

the case must be dismissed because Choy Foo's HRPP Rule 48 rights had been violated. We agree with the ICA, however, that upon remand, the circuit court must properly apply the Estencion factors to determine whether the case should be dismissed with or without prejudice.

## II. Background

### A. District Court Proceedings

On February 22, 2012, the State filed a complaint alleging Choy Foo committed the offense of Sexual Assault in the Fourth Degree, in violation of Section 707-733(1)(a) (2014) of the Hawaii Revised Statutes ("HRS"). At his appearance on March 15, 2012, the State gave Choy Foo, who was without counsel at the time, a copy of the complaint. The complete transcript of the March 15, 2012 proceeding reads:

> [THE STATE:] APA 003, Quincy Choy Foo III. Can you come forward, please. Can you state your name.
> [CHOY FOO:] Quincy Choy Foo III.
> [THE STATE:] And for the record, I'm handing Mr. Choy Foo III a copy of the (indiscernible) complaint. (Indiscernible).
> THE COURT: So you understand what you're charged with, this is a full misdemeanor. Up to a $2,000 fine, one year in jail, or both is the maximum penalties.
> [CHOY FOO:] Yeah.
> THE COURT: So, we need to set this for demand or waiver of your right to a jury trial. So, we're going to set it for three weeks. I'm going to give you a referral to public defend -- defenders, excuse me, and you need to call them right away for an appointment. Okay? And the bond to continue. Thank you very much.
> [CHOY FOO:] Thank you.
> THE COURT: You have a seat. We'll get your paperwork.
> (Proceedings concluded.)

3

The district court set the waiver/demand hearing for April 5, 2012.

On April 5, 2012, Choy Foo appeared without counsel, explaining that he called the Office of the Public Defender ("OPD") and that he was told to request a continuance. Choy Foo further explained that he had an appointment with the OPD on May 8, 2012. The court re-set the jury waiver/demand hearing for a week after that appointment.

On May 15, 2012, Choy Foo appeared at the waiver/demand hearing, again without counsel. Choy Foo explained the OPD had told him to request another continuance because the office was in training and he had an appointment scheduled for May 22, 2012. The district court continued the hearing to May 30, 2012.

The waiver/demand hearing was finally held on May 30, 2012, and Choy Foo, who was represented by a deputy public defender ("DPD") at this time, demanded his right to a jury trial. The district court set the arraignment for June 12, 2012, in the circuit court.

## B.   Circuit Court Proceedings

Choy Foo was arraigned in the circuit court on June 12, 2012, and entered a not guilty plea. Trial was set for the week of July 23, 2012. The case was continued twice at Choy Foo's request and three times due to court congestion. During a trial

4

readiness hearing on January 14, 2013, the deputy prosecuting attorney ("the State") notified the court the HRPP Rule 48 deadline for the case would be March 3, 2013.  The circuit court set the case for trial on February 11, 2013, but on that day continued the case due to court congestion.

On March 11, 2013, Choy Foo filed his motion to dismiss. Choy Foo contended that a total of 189 includable days had passed since the inception of the case, and that this clearly exceeded the six-month, or 180 day, period within which trial must commence under HRPP Rule 48.[3]  As such, Choy Foo requested that the circuit court dismiss his case with prejudice.

The State filed a memorandum in opposition to Choy Foo's motion to dismiss on March 12, 2013.  The State argued that the time from Choy Foo's arraignment on March 15, 2012, until the first waiver/demand hearing on April 5, 2012 should be excluded from the 180 day period for "good cause" pursuant to HRPP Rule

---

[3]     HRPP Rule 48(b)(1) provides, in relevant part:

> (b) By court. Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months:
>    (1) from the date of arrest if bail is set or from the filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made[.]

5

48(c)(8).[4]  The State contended that, therefore, the Rule 48 deadline was not until March 24, 2013.

On March 25, 2013, the circuit court held a hearing on the motion to dismiss.  At the outset, the circuit court clarified, and the parties confirmed, that the only time frame in dispute was the twenty-one day period from March 15, 2012, until April 5, 2012.  The DPD provided the circuit court with background information regarding the district court's HRPP Rule 48 practice, specifically regarding the routine three-week continuance for waiver/demand hearings:

> [DPD:] [A misdemeanor case] is the only type of case in the first circuit where a defendant has a right to a jury trial where . . . the defendant has to demand that right before he's entitled to the jury trial.
> THE COURT:  Yeah.  In other words, in every other kind of situation, the defendant's court is chosen for him.
> [DPD:] Yes, Your Honor.
> THE COURT:  Right.
> [DPD:] And the way the process works in district court is there's an initial appearance.  At the time the defendant is released on bail, he's given this initial appearance.  At that time, he's not given any charges.  He's not being told what he's charged with.  He's not told that he should get an attorney.
>    If an -- if a defendant wishes to hire private counsel prior to that, they can do that. But, at the same time, he hasn't been advised of the counsel, so -- his right to counsel or what he's actually been charged with.
>    As a matter of course in district court, even if a defendant appears with an attorney at the initial appearance, the case is continued for waiver or demand regardless of what the defendant wants to do.

---

[4]   HRPP Rule 48(c)(8) provides, in relevant part:

> (c)  Excluded periods. The following periods shall be excluded in computing the time for trial commencement:
> . . . .
> (8) other periods of delay for good cause.

6

> In this case -- anytime there's a -- anytime the total period exceeds 180 days, it becomes the state's burden to prove that a period is excludable. <u>You know, generally, in district court, this period is charged to the state for Rule 48 purposes.  That's the general practice in district court amongst all the district court judges.</u>

(Emphases added).  The DPD reiterated that setting the waiver/demand hearing for three weeks after arraignment is the standard practice of the district court:

> THE COURT:  And that's standard procedure.  And what you're saying is that's the standard of what's done in the district court?
> [DPD:] Yes, Your Honor.  And that's done by court.  Mr. Choy Foo doesn't come in and ask for a continuance.  He doesn't say, you know, I want counsel before I make this decision.  At that time, generally, if you're not represented as a defendant, discovery is not provided to you by the state.  So, there's a whole procedure that's set up that's basically done for the convenience of the district court, because more people in district court waive jury trial than demand.  This is the system they've set up.
> Other -- easily, the system could be that your case goes to circuit court, and if you choose to waive, then it goes back to district court.  So, essentially, in -- if that period is charged to the defendant, you're forcing the defendant to choose between his right to speedy trial and his right to jury trial.  You're forcing him to waive one or the other.  And there's an equal protection argument, because if a defendant is able to secure private counsel prior to the initial appearance and that makes some sort of difference, it's still going to get set for three weeks for waiver/demand.

The DPD also confirmed that when the district court performs HRPP Rule 48 calculations, it does not exclude the continued time period for waiver/demand hearings.  The State conceded that with respect to the time between arraignment and waiver demand "it is the practice of district court to charge that time to the state."  However, the State argued that based on this court's opinions in <u>State v. Senteno</u>, 69 Haw. 363, 742 P.2d 369 (1987),

7

and State v. Samonte, 83 Hawai'i 507, 928 P.2d 1 (1996), the district court's practice was incorrect.

After the parties finished their arguments, the circuit court orally dismissed the case with prejudice and offered the following explanation:

> [HRPP Rule 48] appears to be technical. It assigns certain delays to parties regardless of whether there actually was a delay. And I'm going to follow the district court practice and find that the period of time before this jury waiver is not excludable and that it counts so that the period between March 15th and April 5th does count against the state, and that 189 days have run, and, therefore, that the -- the Rule 48 has been violated by nine days, and therefore, that the matter is dismissed with prejudice. I do so despite the fact that the nature of the charge is one of the more troubling ones, to say the least, in our culture.

On April 5, 2013, the circuit court entered a written order granting Choy Foo's motion to dismiss the charges with prejudice for violation of HRPP Rule 48, but it did not state its reasons for doing so.

## C. Appeal to the ICA

### 1. The State's Opening Brief

The State raised two points of error in its opening brief before the ICA. First, the State contended that because the three-week delay was for Choy Foo's benefit, and was not "unreasonably long," the circuit court erred in failing to exclude that period from the HRPP Rule 48 calculations. Quoting State v. Canencia, No. 29345, 2009 WL 3151221 (App. Sept. 30, 2009) (mem.), an unpublished ICA memorandum opinion, the State

8

asserted that "[i]t is well established that a period of time in which the defendant is not represented by counsel is an excludable period." Second, the State argued that the circuit court abused its discretion in failing to articulate and weigh the factors from Estencion when dismissing this case with prejudice.[5]

### 2. Choy Foo's Answering Brief

In his answering brief, Choy Foo contended the State incorrectly relied on Canencia. The ICA should not consider Canencia persuasive or applicable, Choy Foo asserted, because the case was unpublished and did not address the unique procedural issues in Choy Foo's case. Specifically, Choy Foo argued the cases cited in Canencia, namely, Samonte and Senteno, were distinguishable from Choy Foo's case in two ways.

First, Choy Foo asserted that the defendants in Samonte and Senteno faced felony charges brought in the circuit court, and

---

[5] In Estencion, this court adopted the following language of the Federal Speedy Trial Act, making it a requirement for the application of HRPP Rule 48(b):

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

63 Haw. at 269, 625 P.2d at 1044 (citing § 3162(a)(1) of the Federal Speedy Trial Act, 18 U.S.C.A. (1969), Supp.1980)).

therefore they were not subject to the automatic three-week continuance Choy Foo faced in the district court for his misdemeanor charge. Second, Choy Foo argued the time periods in question in Samonte and Senteno were excludable because the court granted the defendants' motions for withdrawal of counsel. Choy Foo noted that he did not request that a previous attorney withdraw from the case; instead, he made his initial appearance without any representation, and the district court set a waiver/demand hearing without a motion by either party. In sum, Choy Foo argued no binding legal authority addressed the specific circumstances of his case.

As to the State's second point of error, Choy Foo conceded the circuit court should have analyzed and applied the Estencion factors when it dismissed his case with prejudice. Choy Foo therefore requested that the ICA vacate the dismissal with prejudice and remand the case to allow the circuit court to weigh the Estencion factors to properly determine whether the case should be dismissed with or without prejudice.

### 3. The ICA Opinion

As an initial matter, the ICA agreed with Choy Foo's concession on the State's second point of error, concluding that "at a minimum[] the Dismissal Order must be vacated and the case remanded for consideration of the Estencion factors and

10

articulation of necessary findings." State v. Choy Foo, 139 Hawai'i 339, 342, 389 P.3d 934, 937 (App. 2016), as amended (Feb. 14, 2017) (citing State v. Hern, 133 Hawai'i 59, 64-65, 323 P.3d 1241, 1246-47 (App. 2013)).

The ICA characterized the first point of error as: "[W]hether the twenty-one day delay between March 15, 2012, and April 5, 2012, during which Choy Foo was referred to the Public Defender's Office to seek appointed counsel, constituted excludable delay under HRPP Rule 48." Choy Foo, 139 Hawai'i at 342, 389 P.3d at 937. Viewing that issue in the context of "the fundamental importance of the right to counsel," the ICA held that the period was excludable and that the circuit court erred in granting Choy Foo's motion to dismiss. 139 Hawai'i at 343, 389 P.3d at 938.

The ICA concluded that the twenty-one day period in question fell within HRPP Rule 48(c)(1).[6] It opined the purpose of the waiver/demand continuance was to ensure Choy Foo was represented by counsel, which was the same purpose as delays for

_____

[6] HRPP Rule 48(c)(1) provides:

> (c) Excluded periods. The following periods shall be excluded in computing the time for trial commencement:
> (1) periods that delay the commencement of trial and are caused by collateral or other proceedings concerning the defendant, including but not limited to penal irresponsibility examinations and periods during which the defendant is incompetent to stand trial, pretrial motions, interlocutory appeals and trials of other charges[.]

11

withdrawal of counsel and appointment of new counsel, delays for which are excludable under HRPP Rule 48(d)(1). 139 Hawai'i at 344, 389 P.3d at 939. In support of its position, the ICA cited this court's opinion in Senteno and its own unpublished memorandum opinion, Canencia. 139 Hawai'i at 345, 389 P.3d at 940. Opining the facts of Canencia were similar to those of the case at hand, the ICA quoted its reasoning in Canencia:

> It is well established that a period of time in which the defendant is not represented by counsel is an excludable period. See [Samonte, 83 Hawai'i at 515-16, 928 P.2d at 9-10]; [Senteno, 69 Haw. at 368, 742 P.2d at 373]; HRPP Rule 48(d)(1). Canencia was without counsel at his first appearance on September 28, 2007. The district court could not proceed to taking Canencia's plea and if Canencia pleaded not guilty, to setting a trial date, while Canencia was not represented by counsel and had not waived his right to counsel. Consequently, the district court had no choice but to defer the case for the appointment of counsel, which began with the referral of Canencia to the Public Defender. Canencia did not object to the delay of proceedings and referral to the Public Defender.

Choy Foo, 139 Hawai'i at 345, 389 P.3d at 940 (emphasis added) (quoting Canencia, mem. op. at *2). The ICA reiterated that its conclusion that the twenty-one day period was excludable was supported by "the recognition of a defendant's fundamental right to be represented by counsel and the inability of a court to proceed to trial" found in Senteno and Canencia. Id.

The ICA decided, alternatively, that the waiver/demand continuance was excludable under HRPP Rule 48(c)(8) as a "period[] of delay for good cause." Id. Noting that this court

12

has said "the good cause provision 'is provided to take care of unanticipated circumstances' and that good cause means 'a substantial reason that affords legal excuse,'" the ICA analogized Choy Foo's case to this court's decision in <u>Senteno</u>. <u>Choy Foo</u>, 139 Hawai'i at 345-46, 389 P.3d at 940-41 (citing <u>State v. Abregano</u>, 136 Hawai'i 489, 497, 363 P.3d 838, 846 (2015)). Although Choy Foo had never been represented by counsel and thus his delay involved initial appointment of counsel, the ICA reasoned that this situation was still like the delay caused by withdrawal of counsel in <u>Senteno</u>, because "trial in both cases 'could not proceed in the absence of trial counsel or a waiver of counsel.'" <u>Choy Foo</u>, 139 Hawai'i at 346, 389 P.3d at 941 (citing <u>Senteno</u>, 69 Haw. at 368, 742 P.2d at 369)).

Finally, the ICA was unpersuaded by Choy Foo's argument that the twenty-one day delay was a common occurrence in the district court, and was therefore not an "unanticipated" circumstance. <u>Choy Foo</u>, 139 Hawai'i at 346, 389 P.3d at 941. The ICA determined that because the district court cannot know in advance which defendants will appear without counsel at their initial appearance, the district court cannot "address the defendant's need for representation by counsel until the defendant appears in court." <u>Id.</u> Thus, the ICA held that "Choy Foo's appearance without counsel was an unanticipated

13

circumstance and that the twenty-one day delay to afford him the opportunity to seek counsel through the Public Defender's Office was a period of delay for 'good cause' under HRPP Rule 48(c)(8)." Id.

## D.    Application for writ of certiorari and oral argument

Choy Foo timely applied for writ of certiorari, raising a single point of error:

> Whether the ICA gravely erred in holding that the twenty-one day period between Petitioner's arraignment in District Court and the next hearing set sua sponte by the District Court to determine whether Petitioner would demand or waive his right to a jury trial was excludable under Hawaii Rules of Penal Procedure (HRPP) Rule 48(c)(1) and/or HRPP Rule 48(c)(8).

With respect to exclusion under HRPP 48(c)(1), Choy Foo makes two distinct arguments:  (1) the waiver/demand hearing was not a proceeding concerning the defendant that delayed trial; and (2) the ICA erred in inferring that the purpose of the twenty-one day period was to provide Choy Foo with an opportunity to seek counsel, and reliance on that inferred purpose resulted in an erroneous decision.  With respect to exclusion under HRPP Rule 48(c)(8), Choy Foo argues that: (1) the ICA erred in relying on inapplicable law to reach its decision; and (2) that Choy Foo's appearance without counsel at arraignment was not an "unanticipated circumstance" that amounted to "good cause" within the meaning of HRPP Rule 48(c)(8).

At oral argument, Choy Foo again stated that the waiver/demand hearing is routinely set three weeks after arraignment by the district court, even for defendants who are already represented by counsel, and that the delay is routinely included in HRPP Rule 48 calculation.  State v. Choy Foo, SCWC-13-000636, Oral Argument, available at http://www.courts.state.hi.us/oral-argument-before-the-supreme-court-of-hawaii-no-scwc-13-0000636, at 5:05, 7:15, 7:25 (hereinafter "Oral Argument").  Both parties again acknowledged that the circuit court erred in dismissing the case with prejudice without considering and explaining its application of the Estencion factors.  Id. at 15:45, 35:45.

### III. Standards of Review

**A.  HRPP Rule 48 Dismissal**

The appellate court reviews a trial court's decision on a HRPP Rule 48 motion to dismiss under both the "clearly erroneous" and "right/wrong" tests:

> A trial court's findings of fact (FOFs) in deciding an HRPP 48(b) motion to dismiss are subject to the clearly erroneous standard of review.  An FOF is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction that a mistake has been committed.  However, whether those facts fall within HRPP 48(b)'s exclusionary provisions is a question of law, the determination of which is freely reviewable pursuant to the "right/wrong" test.

Samonte, 83 Hawai'i at 514, 928 P.2d at 8 (quoting State v. Hutch, 75 Haw. 307, 328-29, 861 P.2d 11, 22 (1993)).

15

## B.    Interpretation of Court Rules

The interpretation of a court rule is reviewed de novo,

Sierra Club v. Dep't of Transp., 120 Hawai'i 181, 197, 202 P.3d

1226, 1242 (2009), and "[w]hen interpreting rules promulgated by

the court, principles of statutory construction apply."  Gap v.

Puna Geothermal Venture, 106 Hawai'i 325, 331, 104 P.3d 912, 918

(2004) (citation and internal quotation marks omitted).  This

court's construction of statutes is guided by the following

rules:

> First, the fundamental starting point for statutory
> interpretation is the language of the statute itself.
> Second, where the statutory language is plain and
> unambiguous, our sole duty is to give effect to its plain
> and obvious meaning.  Third, implicit in the task of
> statutory construction is our foremost obligation to
> ascertain and give effect to the intention of the
> legislature, which is to be obtained primarily from the
> language contained in the statute itself.  Fourth, when
> there is doubt, doubleness of meaning, or indistinctiveness
> or uncertainty of an expression used in a statute, an
> ambiguity exists.

State v. Wheeler, 121 Hawai'i 383, 390, 219 P.3d 1170, 1177

(2009) (quoting Citizens Against Reckless Dev. v. Zoning Bd. of

Appeals of the City & Cnty. of Honolulu, 114 Hawai'i 184, 193,

159 P.3d 143, 152 (2007)).

## IV. Discussion

"HRPP [Rule] 48 is intended not only 'to ensure speedy

trial for criminal defendants,' . . . but also 'to relieve

congestion in the trial court, to promptly process all cases

16

reaching the courts[,] and to advance the efficiency of the criminal justice process.'" State v. Hoey, 77 Hawai'i 17, 29, 881 P.2d 504, 516 (1994) (citing State v. Coyaso, 73 Haw. 352, 355, 833 P.2d 66, 68 (1992); Estencion, 63 Haw. at 268, 625 P.2d at 1043). To accomplish this end, HRPP Rule 48(b) requires the court to dismiss the charge, upon the defendant's motion, "if trial is not commenced within 6 months" of a relevant triggering date.[7] Section (c) of HRPP Rule 48 provides eight categories of delay that are to be excluded from calculating the time within which trial must commence.[8] In other words, all time periods are counted in HRPP Rule 48 calculation unless excluded by subsection (c).

At issue here is HRPP Rule 48(c)(1), which excludes "periods that delay the commencement of trial and are caused by collateral or other proceedings concerning the defendant[.]" When applying HRPP Rule 48(c)(1), the trial court's two

---

[7]   Specifically, HRPP Rule 48(b) begins its six month calculation as follows:

>   (1) from the date of arrest if bail is set or from the filing of the charge, whichever is sooner . . . or
>   (2) from the date of re-arrest or re-filing of the charge, in cases where an initial charge was dismissed upon motion of the defendant; or
>   (3) from the date of mistrial, order granting a new trial or remand, in cases where such events require a new trial.

[8]   The text of HRPP Rule 48(c) states that it relates to "computing the time for trial commencement." However, in practice this language is more accurately interpreted as "computing the time within which trial must commence."

inquiries are: (1) whether the period actually delays the commencement of trial;[9] and (2) whether the period is "caused by collateral or other proceedings concerning the defendant." For a period to be excluded from calculation, both of these inquiries must be answered in the affirmative.

The record does not reflect whether the twenty-one day time period at issue actually delayed the commencement of trial.[10] The parties' core dispute, and the focus of the ICA's decision, was instead whether the time period in question was caused by a "collateral or other proceeding[] concerning the defendant" within the meaning of HRPP Rule 48(c)(1), and whether the period constituted "good cause" within the meaning of HRPP Rule 48(c)(8). For the following reasons, we conclude that it was neither.

## A.   Exclusion was inappropriate under HRPP Rule 48(c)(1)

The court's interpretation of HRPP Rule 48 must begin with the plain language of the rule. See Wheeler, 121 Hawai'i at 390, 219 P.3d at 1177. Although HRPP Rule 48(c)(1) does not define

---

[9]    This court has previously noted that "to be excludable under HRPP [Rule] 48(c), a time period must actually delay a defendant's trial." Hoey, 77 Hawai'i at 30, 881 P.2d at 517.

[10]    Choy Foo's trial was actually set several times within the 180-day period:  it was initially set for the week of July 23, 2012, continued three times due to court congestion and twice at Choy Foo's request, and then eventually set for February 11, 2013 before being continued once more due to court congestion.

"collateral or other proceeding[] concerning the defendant," it does provide a list of examples of excludable periods, "including but not limited to penal irresponsibility examinations and periods during which the defendant is incompetent to stand trial, pretrial motions, interlocutory appeals and trials of other charges."  Section (d) provides some insight for the application of HRPP Rule 48(c)(1).  Subsection (d)(1) lists motions that are deemed to create "periods of delay resulting from collateral or other proceedings concerning the defendant" and must be excluded from calculation.[11]  Conversely, subsection (d)(2) lists periods attributable to specific motions or other court papers that must be included in calculation.[12]

---

[11]    HRPP Rule 48(d)(1) provides:

> For purposes of subsection (c)(1) of this rule, the period of time, from the filing through the prompt disposition of the following motions filed by a defendant, shall be deemed to be periods of delay resulting from collateral or other proceedings concerning the defendant: motions to dismiss, to suppress, for voluntariness hearing heard before trial, to sever counts or defendants, for disqualification of the prosecutor, for withdrawal of counsel including the time period for appointment of new counsel if so ordered, for mental examination, to continue trial, for transfer to the circuit court, for remand from the circuit court, for change of venue, to secure the attendance of a witness by a material witness order, and to secure the attendance of a witness from without the state.

(Emphases added).

[12]    HRPP Rule 48(d)(2) provides:

> For purposes of subsection (c)(1) of this rule, the period of time, from the filing through the prompt disposition of the following motions or court papers, shall be deemed not

(continued. . .)

Subsection (d)(3) provides that motions that do not fall within (d)(1) or (d)(2) should be evaluated by the criteria of section (c).[13]

Continuances for the appointment of counsel or for waiver/demand hearings are not identified as excludable periods in HRPP Rule 48(c)(1) or (d)(1), and subsection (d)(2) does not specifically include these periods.  Additionally, neither appointment of counsel nor waiver/demand hearings fall within any of the other section (c) categories that subsection (d)(3) directs the court to consider.[14]

---

(continued. . .)
> to be excluded in computing the time for trial commencement: notice of alibi, requests/motions for discovery, and motions in limine, for voluntariness hearing heard at trial, for bail reduction, for release pending trial, for bill of particulars, to strike surplusage from the charge, for return of property, for discovery sanctions, for litigation expenses and for depositions.

(Emphases added).

[13]    HRPP Rule 48(d)(3) provides: "The criteria provided in section (c) shall be applied to motions that are not listed in subsections (d)(1) and (d)(2) in determining whether the associated periods of time may be excluded in computing the time for trial commencement."  (emphasis added).
[14] Section (c) also excludes time periods caused by the following:

> (2) . . . congestion of the trial docket when the congestion is attributable to exceptional circumstances;
> (3) . . .a continuance granted at the request or with the consent of the defendant or defendant's counsel;
> (4) . . . a continuance granted at the request of the prosecutor [and]
>
> . . . .
>
> (5) the absence or unavailability of the defendant[.]

(continued. . .)

Subsection (d)(1) excludes the time period to resolve motions "for withdrawal of counsel including the time period for appointment of new counsel if so ordered." The ICA reasoned that appointment of new counsel should be treated like motions for withdrawal of counsel under subsection (d)(1), and therefore be excludable under HRPP Rule 48(c)(1), as they both "ensure that a defendant . . . is represented by and has the assistance of counsel." Choy Foo, 139 Hawai'i at 344, 389 P.3d at 939. However, withdrawal of existing counsel and initial appointment of counsel are procedurally quite different. First, as explicitly provided in HRPP Rule 48(d)(1), the exclusion for withdrawal of counsel is based on the filing of a motion. Second, subsection (d)(1) specifically excludes the time from filing of the withdrawal motion to disposition of the motion, which means the that the time from filing of the motion to appointment of substitute counsel is excluded. In contrast, the initial appointment of counsel is largely a ministerial act, done with little court involvement, let alone the filing of a motion. See HRS § 802-4 (1974) (permitting public defenders to

(continued. . .)
HRPP Rule 48(c)(2)-(5)(emphasis added). Subsection (c)(6) excludes "the period between a dismissal of the charge by the prosecutor to the time of arrest or filing of a new charge[,]" and subsection (c)(7) excludes "a reasonable period of delay when the defendant is joined for trial with a codefendant[.]" "[O]ther periods of delay for good cause" are excluded under HRPP Rule 48(c)(8) but, for the reasons discussed below, exclusion based on this category is also inappropriate here.

make indigence determinations, subject to court review, unless the court orders otherwise); HRS § 802-5 (2015) (providing for the court to appoint counsel for indigent defendants).

Furthermore, the canon of construction expressio unius est exclusio alterius holds that "to express or include one thing implies the exclusion of the other, or of the alternative." Black's Law Dictionary (10th ed. 2014). Indeed, "the contrast between a specific subject matter which is expressed and one which is not mentioned leads to an inference that the latter was not intended to be included within the statute." Int'l Sav. and Loan Ass'n v. Wiig, 82 Hawai'i 197, 201, 921 P.2d 117, 121 (1996). The fact that initial appointment of counsel was not placed among the examples of "collateral or other proceedings" in subsections (c)(1) or (d)(1) suggests that it was not intended to be treated like the items on those lists.

Additionally, as noted, subsections (d)(1), (d)(2), and (d)(3) all explicitly relate to time periods created by the filing of motions. Specifically, HRPP Rule 48(d)(1) pertains to time periods "from the filing through the prompt disposition of . . . motions filed by a defendant," subsection (d)(2) concerns periods related to "motions or court papers," and subsection (d)(3) applies to "motions that are not listed in subsections (d)(1) and (d)(2)[.]" All motions that are excluded by

22

subsection (d)(1) and included by subsection (d)(2) require disposition by the court. The automatic continuance for a waiver/demand hearing is not initiated by a motion. The time period at issue here was generated by the district court's choice to set a hearing. Whether that hearing was for waiver/demand or for appointment of counsel, or both, the time period it created does not fall within the plain language of HRPP Rule 48(c)(1). This plain language conclusion is undergirded by several additional considerations.

First, HRPP Rule 48 is clear: if a time period is not excluded from calculation by the rule, it is included in the calculation. Time periods for waiver/demand hearings or for appointment of counsel are not excluded by the rule, therefore those periods are included in calculating the time within which trial must commence. Even if HRPP Rule 48 were ambiguous with respect to its excludable time periods, the rule of lenity would require us to construe it strictly, and in favor of the defendant. See State v. Jing Hua Xiao, 123 Hawai'i 251, 262, 231 P.3d 968, 979 (2010) ("[W]here a criminal statute is susceptible of more than one construction, the narrower or stricter construction should be adopted pursuant to the rule of lenity.") (citing State v. Bayly, 118 Hawai'i 1, 15, 185 P.3d 186, 200 (2008)).

Second, we note that the district court appears to apply its waiver/demand hearing practice to all defendants, whether they have counsel or not.  This practice, implemented by the district court without the request of the parties, and applied uniformly without taking into consideration the needs of each case, does not "concern" any particular defendant, let alone "the defendant" to whom Rule 48 refers.  See HRPP Rule 48(c)(1) (excluding from calculation "periods that delay the commencement of trial and are caused by collateral or other proceedings concerning the defendant[.]") (emphasis added).  Rather, the waiver/demand hearing continuance "concerns" the efficiency of the district court calendar, as described below, rather than the particularities of any defendant's case.

Third, in this regard, the district court's continuance of the waiver/demand hearing appears to be a practice developed to avoid the possible procedural inefficiencies that would result from the requirements of HRPP Rule 5 and HRS § 604-8.  Under HRS § 604-8(a) (2001), the district court loses jurisdiction over a misdemeanor case once the defendant demands a jury trial, but retains jurisdiction if the defendant does not make a jury demand "on the date of arraignment or within ten days thereafter."  HRPP Rule 5(b)(3) further specifies that if the defendant does not waive the right to a jury trial "at or before

24

the time of entry of a plea of not guilty," the district court must "commit the defendant to the circuit court for trial by jury." However, if the defendant waives the right to a jury trial at the circuit court, the case may be remanded to the district court. HRPP Rule 5(b)(3)(iii). In any event, neither court may proceed with the case until the waiver/demand decision is made.[15] The waiver/demand hearing is therefore a practical way for the district court to address a process that is unique to misdemeanor cases. It would be unfair to defendants to exclude the time for a hearing set by the district court as part of its responsibilities under the HRPP and the HRS. And, indeed, it is the district court's standard practice to include this waiver/demand hearing time in calculating when the trial must commence.

Fourth, at oral argument, the State did not dispute Choy Foo's representation that it is a regular practice to include the three-week continuance for a waiver/demand hearing in the HRPP Rule 48 calculation. In other words, the trial courts already factor in the 21 day continuance for a waiver/demand hearing in the time period within which a

---

[15] We agree with the Dissent that waiver or demand of the defendant's right to a jury trial is a "critical stage" at which the defendant is entitled to have counsel. Dissent at I.B.1. However, we respectfully maintain that the defendant's right to an attorney should not come at the expense of his or her HRPP Rule 48 rights.

25

misdemeanor defendant's trial must commence. Therefore, our ruling merely comports with the status quo, and would not create new problems, as theorized by the Dissent. Dissent at Section I.B.2. In addition, our decision does not prolong the time period to bring a misdemeanor defendant to trial, in contrast with the ICA and Dissent's position, which contravenes an important purpose of Rule 48: to ensure speedy trial for defendants in criminal cases.

Fifth, and finally, if the district court's regular three week continuances were truly created to allow defendants to exercise their right to counsel, those continuances would be unjustified for defendants who already have counsel at arraignment. Further, it would be particularly unfair to indigent defendants for the court to exclude this period when it coincides with their referral to the public defender's office to exercise their right to appointment of counsel provided by statutory and constitutional law.[16] If a defendant later appears without counsel, for whatever reason, that time may be properly

---

[16] The court is required to refer an indigent person without counsel to the public defender's office. Haw. Const. art. I, § 14 ("The State shall provide counsel for an indigent defendant charged with an offense punishable by imprisonment."); HRS § 802-1 (2015) (providing that all indigent people faced with potential imprisonment are entitled to be represented by a public defender); HRS § 802-2 (1985) (requiring the court to advise all defendants in criminal cases who appear without counsel that they have a right to counsel and that counsel may be appointed at no cost to them if they cannot afford counsel).

excluded under HRPP Rule 48(c)(3) if a continuance is granted at the defendant's request.  However, an initial referral to the public defender is an indigent defendant's statutory and constitutional right that should not be afforded to them at the expense of their HRPP Rule 48 rights.

Consequently, we conclude that the twenty-one day period caused by the waiver/demand hearing was not excludable under HRPP Rule 48(c)(1).[17]

**B.   Exclusion was also inappropriate under HRPP Rule 48(c)(8)**

HRPP Rule 48(c)(8) provides, in relevant part, that "other periods of delay for good cause" shall be excluded from trial commencement calculation.  This court has defined "good cause" to mean "a substantial reason which affords a legal excuse," Senteno, 69 Haw. at 368, 742 P.2d at 373 (citing Estencion, 63 Haw. at 267, 625 P.2d at 1042), and has held that the good cause provision "is provided to take care of unanticipated circumstances," State v. Gillis, 63 Haw. 285, 288, 626 P.2d 190, 192 (1981).  Additionally, "a period is excludable as good cause

_____

[17]   We also note that to the extent that Canencia holds "a period of time in which the defendant is not represented by counsel is an excludable period," it is overruled.  The text of HRPP Rule 48 does not support so broad a rule, and to hold otherwise would produce anomalous results.  See Keliipuleole v. Wilson, 85 Hawai'i 217, 221-22, 941 P.2d 300, 304-05 (1997) ("A rational, sensible and practicable interpretation [of a statute] is preferred to one which is unreasonable or impracticable" (alterations in original) (quoting State v. Lobendahn, 71 Haw. 111, 112, 784 P.2d 872, 873 (1989)).

under HRPP Rule 48(c)(8) if the events causing the delay are unanticipated and not reasonably foreseeable." Abregano, 136 Hawai'i at 498, 363 P.3d at 847. Most importantly, this court has said that "[w]hether a period of time is excludable as 'good cause' under HRPP Rule 48(c)(8) is dependent on the facts of each case." 136 Hawai'i at 498-99, 363 P.3d at 847-48 (citation omitted).

As an alternate basis for its ruling in this case, the ICA concluded that the twenty-one day time period was excludable for good cause because the district court cannot anticipate whether a defendant will have counsel or will need counsel appointed for them until his or her first appearance in court.[18] Choy Foo, 139 Hawai'i at 346, 389 P.3d at 941. Respectfully, we disagree. Although the district court faces uncertainty with respect to individual defendants, it is "reasonably foreseeable" that many defendants will make their initial appearance in district court without an attorney. The district court can also foresee that indigent defendants will not already be represented by a private attorney, and cannot be represented by a public defender at their initial appearance: it is the district court itself that issues a referral to the public defender's office.

_____

[18] The record indicates, however, that the district court continues cases for waiver/demand hearings even when defendants make their first appearance already represented by counsel.

28

With respect to Choy Foo, the fact that he appeared without counsel at his first appearance was not unanticipated or reasonably unforeseeable, and therefore does not constitute "good cause" within the meaning of HRPP 48(c)(8).

## C.   Application of <u>Estencion</u> Factors

The State argued, and Choy Foo conceded, that the circuit court erred in failing to evaluate and apply the <u>Estencion</u> factors before dismissing this case with prejudice.  See <u>Hern</u>, 133 Hawai'i at 64, 323 P.3d at 1246 (holding that "in determining whether to dismiss a charge with or without prejudice under HRPP Rule 48(b), the trial court must not only consider the <u>Estencion</u> factors, but must also clearly articulate the effect of the <u>Estencion</u> factors and any other factor it considered in rendering its decision.").  Although a party's concession of error is not binding on this court, we conclude that it is well-founded in this case.  See <u>State v. Eduwensuyi</u>, 141 Hawai'i 328, ___, 409 P.3d 732, 737 (January 18, 2018) (citing <u>Territory v. Kogami</u>, 37 Haw. 174, 175 (Haw. Terr. 1945) (holding that a prosecutor's concession of error is entitled to "great weight," but is not binding upon the appellate court)).

Accordingly, we remand the case to the circuit court for application of the <u>Estencion</u> factors and articulation of necessary findings.  The factors the circuit court must consider

29

include, but are not limited to: "the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 63 Haw. at 269, 625 P.2d at 1044 (citation omitted); see also State v. Fukuoka, 141 Hawai'i 48, 404 P.3d 314 (2017) (considering the principles applicable to the Estencion factors that guide a trial court in exercising its discretion to dismiss a case with or without prejudice for a violation of HRPP Rule 48).

## V. Conclusion

The foregoing analysis is intended to clarify the application of HRPP Rule 48 to the district court's practice in setting waiver/demand hearings for misdemeanor defendants. When the district court initiallly sets a misdemeanor case for waiver/demand hearing or continues arraignment for a waiver or demand of jury trial, this time period is not excludable from HRPP Rule 48 calculation under either subsection (c)(1) or (c)(8). The circuit court did not err in dismissing this case for violation of HRPP Rule 48; however, the case must be remanded for proper consideration and application of the Estencion factors as to whether the dismissal should have been with or without prejudice.

30

We therefore vacate the ICA's February 14, 2017 Judgment on Appeal and the circuit court's April 5, 2013 "Order Granting Defendant's Motion to Dismiss Charges for Violation of HRPP Rule 48" to the extent it dismissed the charge against Choy Foo with prejudice and remand this case to the circuit court for further proceedings consistent with this opinion.

Audrey L. Stanley          /s/ Sabrina S. McKenna
for petitioner

                          /s/ Richard W. Pollack

Brian R. Vincent
for respondent            /s/ Michael D. Wilson

