**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000851
17-JUN-2021
08:03 AM
Dkt. 63 SO**

NO. CAAP-19-0000851

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ADAM NATHANAEL, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KANEʻOHE DIVISION
(CASE NO. 1DTC-18-071132)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Adam Nathanael (**Nathanael**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**), entered on November 12, 2019, in the District Court of the First Circuit, Kaneʻohe Division (**District Court**).[1] Following a bench trial, Nathanael was convicted of Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant (**OVLPSR-OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-62(a)(1) and (a)(2) (Supp. 2017).[2]

---

[1] The Honorable Michelle N. Comeau presided.

[2] HRS § 291E-62 provides, in relevant part:

**§ 291E-62 Operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant; penalties.**
(a) No person whose license and privilege to operate a

(continued...)

On appeal, Nathanael contends that the District Court erred in denying Nathanael's motion to dismiss the charges then pending against him for violation of Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 48[3/] (**Rule 48 Motion**).[4/]

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we vacate the Judgment and remand to the District Court with instructions.

---

[2/] (...continued)

vehicle have been revoked, suspended, or otherwise restricted pursuant to this section or to part III or section 291E-61 or 291E-61.5, or to part VII or part XIV of chapter 286 or section 200-81, 291-4, 291-4.4, 291-4.5, or 291-7 as those provisions were in effect on December 31, 2001, shall operate or assume actual physical control of any vehicle:

    (1)    In violation of any restrictions placed on the person's license; [or]

    (2)    While the person's license or privilege to operate a vehicle remains suspended or revoked[.]

[3/] HRPP Rule 48 provides, in relevant part:

(b) . . . Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months:

(1) from the date of arrest if bail is set or from the filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made[.]

. . . .

(c) *Excluded periods*. The following periods shall be excluded in computing the time for trial commencement:

. . . .

(3) periods that delay the commencement of trial and are caused by a continuance granted at the request or with the consent of the defendant or defendant's counsel[.]

[4/] When Nathanael filed his Rule 48 Motion, a charge of Driving Without Motor Vehicle Insurance, in violation of HRS § 431:10C-104(a), was also pending against him. Nathanael was acquitted of this charge at trial.

Nathanael contends that because trial did not commence within 180 days[5] of the filing of the charges against him, as properly computed under HRPP Rule 48, the District Court erred in denying Nathanael's Rule 48 Motion. Specifically, Nathanael argues that in computing the time for trial commencement under HRPP Rule 48, the District Court erred by excluding: (1) the filing date of the complaint, November 27, 2018; and (2) the 28-day period from February 21, 2019, to March 21, 2019, pursuant to HRPP Rule 48(c)(3). Nathanael concludes that had this total period of 29 days not been excluded, "the [180-]day period within which trial must commence under HRPP Rule 48 would have expired."

Under these circumstances, where Nathanael was not arrested and was charged by complaint, the District Court was required, upon Nathanael's Rule 48 Motion, to dismiss the charges "if trial [was] not commenced within 6 months . . . from the filing of the charge[s.]" HRPP Rule 48(b)(1). The charges were filed by complaint on November 27, 2018. See HRPP Rule 7(a) ("The charge against a defendant is . . . a complaint filed in court[.]") Thus, the District Court should have computed the 180-day period prescribed by Rule 48 **starting from** November 27, 2018.[6] In fact, the District Court recognized that the complaint was filed on November 27, 2018, but started its computation from November 28, 2018, "for the sake of convenience because it's going to allow [the court] to track Exhibit A which has been prepared by the defense." This start date led the court to conclude that "between November 28th and December 27th, that's 29 days that are included." This was error, as the period from November 27, 2018, to December 27, 2018, was 30 days, and the District Court thus improperly excluded one day from its Rule 48 calculation.[7]

---

[5]    "The six-month period under HRPP Rule 48 is equivalent to 180 days." State v. Alkire, 148 Hawaiʻi 73, 86, 468 P.3d 87, 100 (2020) (quoting State v. Hernane, 145 Hawaiʻi 444, 450, 454 P.3d 385, 391 (2019)).

[6]    Under HRPP Rule 45, "the day of the act or event from which the designated period of time begins to run shall not be included." Thus, the period at issue from November 27, 2018, to December 27, 2018, was 30 days.

[7]    In its answering brief, the State "agrees that the District Court erred in starting the calculation for Rule 48 on November 28 as opposed to
(continued...)

The District Court excluded the 28-day period from February 21, 2019, to March 21, 2019, based on the following reasoning:

> January 24th to . . . February 21st, okay, so on the 24th defendant was present and represented by counsel at that time.  So defendant through his counsel asked to continue this case because there was [a] potential plea negotiation with the Prosecutor's Office.  And so what happened after that was there was a status [hearing] that was set to figure out what was going on with the plea, and then subsequently trial was set, so I find that the period between . . . January 24th and February 21st falls under Rule 48(c)(3) delay due to request of defendant and so that is excluded for purposes of Rule 48.
>
> And then likewise . . . the resetting which followed on when it was determined that there was no potential plea.  Okay.  And, again, you can see in the minutes, and neither side is disputing the minutes are correct, although I understand defense is, like I said, reframing it, yet the defense made the request to reset.

Thus, it appears that the District Court excluded the periods from January 24, 2019, to February 21, 2019, and from February 21, 2019, to March 21, 2019, pursuant to HRPP Rule 48(c)(3), as "periods that delay[ed] the commencement of trial and [were] caused by a continuance granted at the request or with the consent of" Nathanael or his counsel.  HRPP Rule 48(c)(3).

The parties do not dispute that the period from January 24, 2019, to February 21, 2019, was properly excluded under HRPP Rule 48(c)(3).  At a January 24, 2019 status hearing, Nathanael's counsel requested "a continuance for status" to pursue "possible plea negotiations."  The District Court "continue[d] this one month for status" and set a status hearing for February 21, 2019.

The disputed issue is whether the period from February 21, 2019, to March 21, 2019, was also properly excluded under HRPP Rule 48(c)(3).  On February 21, 2019, Nathanael was present in court with counsel, and the following exchange occurred:

---

[7]/  (...continued)

November 27.  So that entitles Defendant to one additional day."

> [DPA]: Your Honor, calling cases 26 and 27, Adam Nathanael, 1DTC 18-007671 and 1DTC 18-0071132.[8/]
>
> [DEFENSE COUNSEL]: Good morning, Your Honor. Deputy Public Defender . . . on behalf of Adam Nathanael who's present to my left, Your Honor, for both cases we would just set these matters for trial.
>
> I believe that we'll –
>
> THE COURT: No deal then?
>
> [DEFENSE COUNSEL]: We weren't able to come to an agreement, yeah, there was no agreement reached.
>
> THE COURT: So set for trial.
>
> THE CLERK: Will be March 21st.

(Footnote added.) Nathanael argues that the setting of trial, and thus the period from February 21, 2019, to March 21, 2019, was not a continuance granted at the request or with the consent of Nathanael or his counsel. The State argues:

> If that time were not excluded, then it would always be to a defendant's benefit to repeatedly — whether in good faith or not — continue status hearings under the guise of plea negotiations so that in the end defendant could seek a dismissal based on Rule 48. In fact, as the District Court observed, the minutes reflect that Defendant's request to set the matter for trial was granted and the case was set for March 21, 2019. The District Court properly excluded the time.

Initially, we note that on this record, the State has not shown that Nathanael was not acting in good faith on January 24, 2019, when he requested a continuance to pursue possible plea negotiations. Further, the State offers no authority for its position that when Nathaniel later informed the court that no plea agreement had been reached and requested that trial be set, the succeeding 28-day period "delay[ed] the commencement of trial and [was] caused by a continuance granted at the request or with the consent of" Nathanael or his counsel. HRPP Rule 48(c)(3); cf. State v. Choy Foo, 142 Hawai'i 65, 73 414 P.3d 117, 125 (2018) ("When applying HRPP Rule 48(c)(1), the trial court's two inquiries are: (1) whether the period actually

---

[8/] Nathanael was also charged with OVLPSR-OVUII, in violation of HRS § 291E-62(a)(1) and (a)(2), in Case No. 1DTC-18-007671. See State v. Nathanael, No. CAAP-19-0000474, 2021 WL 1553857, at *1 (Haw. App. Apr. 20, 2021) (SDO).

delays the commencement of trial; and (2) whether the period is 'caused by collateral or other proceedings concerning the defendant.'"  (footnote omitted))

"The court's interpretation of HRPP Rule 48 must begin with the plain language of the rule." Choy Foo, 142 Hawaiʻi at 73 414 P.3d at 125.  HRPP Rule 48(c)(3) excludes periods of delay that are "caused by a **continuance** granted at the request or with the consent of the defendant or defendant's counsel."  (Emphasis added.)  In these circumstances, where trial had never been set, Nathanael's request to set trial was not a request for a continuance, and the court's setting of trial was not a continuance granted at the request or with the consent of Nathanael or his counsel.  "[I]f a time period is not excluded from calculation by [HRPP Rule 48], it is included in the calculation." Choy Foo, 142 Hawaiʻi at 75, 414 P.3d at 127. Thus, the 28-day period at issue should have been included in computing the time within which trial had to commence, and the District Court improperly excluded that period.

We conclude that the District Court erred in excluding a total of 29 days from the court's Rule 48 calculation. Including that time period, the State did not bring Nathanael to trial within the 180-day period set forth in HRPP Rule 48.[9/] Accordingly, the District Court erred in denying Nathanael's Rule 48 Motion.

For these reasons, we vacate the District Court's November 12, 2019 Judgment with respect to Nathanael's OVLPSR-OVUII conviction, and we remand the case with instructions that the District Court:  (1) enter an order dismissing the OVLPSR-OVUII charge against Nathanael pursuant to HRPP Rule 48; (2) consider the factors identified in State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981), in determining whether to dismiss the charge with or without prejudice; and (3) make findings that

---

[9/]     Although the District Court initially set trial for March 21, 2019, Nathanael's trial was subsequently continued several times and eventually occurred on November 12, 2019.  The parties do not dispute the District Court's treatment of these additional continuances for purposes of the court's Rule 48 calculation.

clearly articulate the effect of the <u>Estencion</u> factors and any other factor the court considers in rendering its decision.

DATED:  Honolulu, Hawaiʻi, June 17, 2021.


On the briefs:

Andrew I. Kim,
Deputy Public Defender,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge


/s/ Keith K. Hiraoka
Associate Judge


/s/ Clyde J. Wadsworth
Associate Judge