**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000454
28-JUL-2022
07:49 AM
Dkt. 50 MOP**

NO. CAAP-20-0000454

IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
LUKE JENSEN LAMAKU-O-KA-NAʻAUA RITA, Defendant/Appellant

APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(CASE NO. 5FFC-19-0000144)

MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Wadsworth and Nakasone, JJ.)

In this interlocutory appeal, Defendant-Appellant Luke Jensen Lamaku-O-Ka-Na'aua Rita (**Rita**) appeals from the July 8, 2020 Findings of Fact, Conclusions of Law (**FOFs/COLs**), and Order Denying Defendant's Motion to Dismiss With Authorities (**Order Denying Motion to Dismiss**) filed by the Family Court of the Fifth Circuit (**Family Court**).[1]

On appeal, Rita contends that the Family Court "committed plain error"[2] when it denied Rita's Motion to Dismiss With Authorities based on Hawaiʻi Rules of Penal Procedure (**HRPP**)

---

[1] The Honorable Edmund D. Acoba presided.

[2] Rita contends that the Family Court committed "plain" error in denying his Motion to Dismiss. An appellate court may recognize plain error if the error was "not brought to the attention of the court." HRPP Rule 52(b) (emphasis added). The record reflects that Rita's Motion to Dismiss was fully litigated before the Family Court. We construe Rita's contention as error, but not as plain error. See id.; State v. Engelby, 147 Hawaiʻi 222, 231-32, 465 P.3d 669, 678-79 (2020) (quoting HRPP Rule 52(b)).

Rule 48[3] (**Rule 48 Motion to Dismiss**), because Rita "was not afforded a trial within the 6-month after arrest guarantee of Rule 48 and that the failure to do so was not excusable."  While

---

[3]     HRPP Rule 48 provides in pertinent part, that

. . . .

**(b) By Court.** Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within six months:

(1) from the date of arrest if bail is set or from the filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made; or

(2) from the date of re-arrest or re-filing of the charge, in cases where an initial charge was dismissed upon motion of the defendant; or

(3) from the date of mistrial, order granting a new trial or remand, in cases where such events require a new trial.

. . . .

**(c) Excluded Periods.** The following periods shall be excluded in computing the time for trial commencement:

(1) periods that delay the commencement of trial and are caused by collateral or other proceedings concerning the defendant, including but not limited to . . . pretrial motions . . .;

. . . .

(5) periods that delay the commencement of trial and are caused by the absence or unavailability of the defendant;

. . . .

(8) other periods of delay for good cause.

**(d) Per se excludable and includable periods of time for purposes of subsection (c)(1) of this rule.**

(1) For purposes of subsection (c)(1) of this rule, the period of time, from the filing through the prompt disposition of the following motions filed by a defendant, shall be deemed to be periods of delay resulting from collateral or other proceedings concerning the defendant: motions to dismiss . . . .

2

not specifically raised in his Point of Error,[4] Rita challenges COL 3, which states:

> 3. The period of delay from April 6, 2020 through July 6, 2020 is an excludable period of time for purposes of the above-stated six-month timeframe as a period of delay for good cause due to (a) the ongoing State of Emergency resulting from the worldwide COVID-19 pandemic and (b) the above-mentioned Orders of the Supreme Court of the State of Hawaiʻi and the Chief Judge of the Circuit Court of the Fifth Circuit, State of Hawaiʻi.  HRPP Rule 48(c)(8).

Rita disputes the date of the Rule 48 deadline, and raises various arguments that Chief Justice Mark E. Recktenwald's (**Chief Justice**) Order of March 16, 2020 regarding the COVID-19 emergency (**Chief Justice's March 16, 2020 Order**) was erroneously applied to his case.

We hold that the Family Court did not err in applying the Chief Justice's March 16, 2020 Order to this case, and in concluding that there was no Rule 48 violation.  We therefore affirm.

## I.  BACKGROUND

On July 7, 2019, Rita was arrested for Violation of a Protective Order under Hawaii Revised Statutes (**HRS**) § 586-11(a).  Bail was set, and Rita bailed out of custody two days later.

On July 9, 2019, Plaintiff-Appellee State of Hawaiʻi (**State**) charged Rita via Complaint with Violation of an Order for Protection in violation of HRS § 586-11(a).  On

---

[4]     Rita appeals from the FOFs/COLs and Order Denying Motion to Dismiss, but his Opening Brief does not quote any findings or conclusions urged as error or refer to appended findings or conclusions in the Point of Error section, as required by Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4)(C).  However, quotations of COLs 1, 2, and 3 are set forth in the Argument section of the Opening Brief, and it is apparent that Rita challenges COL 3, which we address infra.  See Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (internal citations, quotation marks, brackets, ellipses omitted) ("[N]oncompliance with Rule 28 does not always result in dismissal of the claims, and this court has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible.  This is particularly so where the remaining sections of the brief provide the necessary information to identify the party's argument.").

September 23, 2019, Rita waived his right to a jury trial and requested a jury-waived trial, which the Family Court set for December 2, 2019.  On December 2, 2019, Rita did not appear for trial, resulting in the Family Court ordering a bench warrant.

On December 23, 2019, the Family Court granted recall of the bench warrant.  On January 13, 2020, the Family Court appointed new counsel for Rita.

On March 5, 2020, Governor David Ige issued a Proclamation declaring a state of emergency in the State of Hawaiʻi in response to the public health threat posed by the COVID-19 pandemic.[5]

On March 16, 2020, at a trial status hearing,[6] the State informed the Family Court that the HRPP Rule 48 deadline would expire on May 1, 2020, and the Family Court set a new trial date for April 6, 2020.  After the hearing, at 2:51 p.m. the same day, the Chief Justice's March 16, 2020 Order[7] was issued, that

---

[5]    While not a part of the record on appeal, we take judicial notice of Governor Ige's March 5, 2020 Proclamation. Office of the Governor, Proclamation (2020), https://governor.hawaii.gov/wp-content/uploads/2020/03/2003020-GOV-Emergency-Proclamation_COVID-19.pdf. See Hawaiʻi Rules of Evidence (**HRE**) Rule 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); Uyeda v. Schermer, 144 Hawaiʻi 163, 172, 439 P.3d 115, 124 (2019) ("A fact is a proper subject for judicial notice if it is common knowledge or easily verifiable.") (citing Almeida v. Correa, 51 Haw. 594, 605, 465 P.2d 564, 572 (1970) (brackets omitted)).

[6]    Court minutes reflect that the trial status hearing was held from 1:08 to 1:10 p.m.

[7]    The Chief Justice's March 16, 2020 Order stated in pertinent part:

ORDER
(By: Recktenwald, C.J.)

On March 5, 2020, Governor David Ige declared a state of emergency in Hawaiʻi in response to the emerging public health threat posed by COVID-19.  The World Health Organization has since designated the COVID-19 outbreak a global pandemic.  The Hawaiʻi Department of Health urges all to prepare for the possible community spread of COVID-19 and take steps to avoid potential transmission, including
(continued...)

continued criminal trials in the State of Hawaiʻi to a date after April 30, 2020 to the extent reasonably possible.

On March 17, 2020, the Chief Judge of the Circuit Court of the Fifth Circuit (**Fifth Circuit Chief Judge**) issued Emergency Order #3 Regarding Family Court of the Fifth Circuit (**Fifth Circuit March 17, 2020 Emergency Order #3**), which cited the Chief Justice's March 16, 2020 Order, and stated that "in light of the public health emergency in the State of Hawaiʻi," it was

---

[7](...continued)
avoiding public gatherings.  Consistent with the recommendations of these public health authorities, and pursuant to my authority as chief justice under HRS §§ 601-2(a) and -2(b)(6), the Hawaiʻi State Judiciary is taking steps to protect the health and safety of court personnel and users by minimizing the risk of spreading COVID-19 in the courts. . . .

IT IS HEREBY ORDERED that, <u>with the exception of emergency and time-sensitive matters</u>, in-person appearances for civil, family, and, to the extent possible, <u>criminal dockets will be limited starting Tuesday March 17, 2020 until Thursday April 30, 2020, unless otherwise ordered. The chief judges of each circuit shall devise a circuit-specific plan to significantly reduce the need for in-court appearances while this Order is in effect and postpone court proceedings as appropriate</u>.  This shall be carried out in the following manner:

1.    <u>Circuit Plans</u>: Each judicial circuit may issue orders and adjust court operations as warranted to address the urgent and rapidly evolving public health conditions, including but not limited to postponement of in-person proceedings; remotely conducting proceedings; adjusting the form, venue, or frequency of proceedings; or otherwise modifying operations.

. . . .

4.    <u>Criminal</u>: To the extent reasonably possible, <u>criminal trials</u>, grand jury proceedings, and hearings <u>will be postponed to a date after Thursday, April 30, 2020, except this postponement shall not apply to</u> initial appearances in felony cases, preliminary hearings for in-custody defendants in felony cases, arraignment and plea hearings, hearings held pursuant to Hawaiʻi Revised Statutes Chapter 704, and <u>proceedings that the presiding judge deems urgent</u>.

(Emphases added).

necessary to continue all family court criminal trials to "a date after April 30, 2020."

On April 6, 2020, Rita's trial date, the Family Court issued a minute order that re-scheduled Rita's April 6, 2020 jury-waived trial to July 6, 2020 and cited the Chief Justice's March 16, 2020 Order. (**April 6, 2020 Minute Order**).

On April 17, 2020, the Chief Justice issued an Order Regarding Trials (**Chief Justice's April 17, 2020 Order Regarding Trials**)[8] that postponed all criminal and family court trials to "a date after Friday, May 29, 2020."

On April 29, 2020, the Fifth Circuit Chief Judge issued an Amended Emergency Order #3 Regarding Family Court of the Fifth Circuit (**Fifth Circuit April 29, 2020 Amended Emergency Order #3**), which adopted the Chief Justice's April 27, 2020 Order

---

[8]    The Chief Justice's April 17, 2020 Order Regarding Trials stated:

ORDER REGARDING TRIALS
(By: Recktenwald, C.J.)

. . . . In response to the declared state of emergency, I issued an Order on March 16, 2020 in an effort to ensure the health and safety of court personnel and users and minimize the risk of spreading COVID-19 in the courts. Consistent with the continued recommendations of public health authorities to take steps to avoid potential transmission of COVID-19, including by avoiding public gatherings, and pursuant to Article VI, sections 6 and 7 of the Hawaiʻi Constitution and Hawaiʻi Revised Statutes §§ 601-1.5 and 601-2,

IT IS HEREBY ORDERED that all trials in civil, criminal, and family courts shall be postponed to a date after Friday, May 29, 2020, or to a date after the termination of the state of emergency as declared by Governor Ige, whichever is sooner, unless otherwise ordered by the chief judge of the respective circuit.

The other provisions of my March 16, 2020 Order remain in effect, subject to my further modification. The emergency orders previously issued by the chief judge of each circuit shall also remain in effect, unless modified by the chief judge of said circuit.

This order may be modified or extended as necessary.

(Emphases added).

Regarding Judiciary Operations[9] and required all trials to be "continued to a date after May 29, 2020."

On May 28, 2020, the Chief Justice issued an Order Regarding Judiciary Operations (**Chief Justice's May 28, 2020 Order**), which extended the provisions of the previous COVID-19-related orders, including the Chief Justice's March 16, 2020 Order, to June 30, 2020.

On May 29, 2020, the Fifth Circuit Chief Judge issued an Order Regarding the Reopening of the Family Court of the Fifth Circuit (**Fifth Circuit May 29, 2020 Order Regarding Reopening**), which resumed full operation of all criminal calendars on June 1, 2020.

On June 19, 2020, Rita filed his Rule 48 Motion to Dismiss the charge against him, arguing that the State failed to comply with HRPP Rule 48 because the six-month trial deadline, which Rita claimed was on "May 1, 2020," was not met.  In the motion, Rita primarily argued that the State was bound to a prior "admission" it made, that the Rule 48 deadline expired on May 1, 2020.[10]  Rita also claimed, *inter alia*, that the Chief Justice's March 16, 2020 Order did not apply to "time sensitive matters" like his case; that the Order "contains no statement that the time limitations" of HRPP Rule 48 "are tolled or extended in any way. . . ."; and that assuming *arguendo* the Order applied, it only extended "the Rule 48 date" until April 30, 2020, after which Rita should have been afforded a trial on May 1, 2020. Rita's motion did not argue against any excludable periods of delay under subsection (c) of Rule 48; did not include a Rule 48

---

[9]    We take judicial notice of the Chief Justice's April 27, 2020 Order Regarding Judiciary Operations, which extended the provisions of the Chief Justice's prior COVID-19-related orders.  See HRE Rule 201(b); Uyeda, 144 Hawaiʻi at 172, 439 P.3d at 124.

[10]    Rita argued that a Rule 48 deadline date of May 1, 2020, applied because "[i]n admissions *in judicio* the prosecuting attorney has conceded the last date for providing the defendant a trial in compliance with Rule 48 expired on May 1, 2020."

calculation chart; did not contain a memorandum of law in support of his motion; and did not cite to any HRPP Rule 48 case law aside from "*State v. Estancion* [sic], 63 Haw. 264, 625 P.2d 1040 (1981)."

The State's opposition provided a Rule 48 calculation chart indicating that, as of April 6, 2020, the Rule 48 deadline was May 22, 2020. The State argued that because of the Chief Justice's March 16, 2020 and April 17, 2020 COVID-19-related Orders and the ongoing COVID-19 pandemic, the 91-day delay from April 6, 2020 to July 6, 2020 should be excluded for "good cause" under HRPP Rule 48(c)(8). In the alternative, the State argued that even if the time period after the June 1, 2020 resumption of trials was counted against the State (i.e., 35 days), Rule 48 was still not violated.[11]

In Rita's reply and during argument at the July 6, 2020 hearing, Rita largely repeated the arguments he previously raised in his motion.[12] Rita raised one additional argument that the State "should have filed a motion with [the Family Court] before the Rule 48 date passed . . . ." At the conclusion of the hearing, the Family Court denied the motion.

On July 8, 2020, the Family Court entered its FOFs/COLs, and Order Denying Motion to Dismiss, which stated:

### I. FINDINGS OF FACT

1. Defendant was arrested on suspicion of Violation of a Protective Order in violation of Hawaii Revised Statutes ("HRS") 586-11(a) on July 7, 2019 at which time bail was set in this matter; Defendant bailed out of custody two days later.

2. Defendant was charged with one count of Violation of a Protective Order in violation of HRS 586-11(a) by written complaint, filed in this matter on July 9, 2019.

---

[11] In his Reply, Rita did not respond to the State's alternative argument regarding the June 1, 2020 date for the resumption of trials in the Fifth Circuit.

[12] In response to the State's arguments, Rita did not present any argument that the Chief Justice's COVID-19-related orders and the ongoing COVID-19 pandemic did not constitute "good cause" under HRPP Rule 48(c)(8).

3. Defendant was arraigned in this matter on August 19, 2019, at which time this Court scheduled an entry of plea hearing for September 9, 2019.

4. On September 9, 2019, Defendant requested a continuance of his entry of plea hearing in this matter from September 9, 2019 to September 23, 2019.

5. Defendant waived his right to jury trial in this matter on September 23, 2019 and the Court scheduled a jury waived trial of this matter on December 2, 2019.

6. Defendant did not appear before the Court for his jury waived trial on December 2, 2019, and the Court entered a bench warrant for his arrest in the amount of $1,000.00.

7. Defendant filed a motion to recall the above bench warrant on December 3, 2019, which motion was heard and granted on December 23, 2019.

8. On March 5, 2020, Governor David Ige declared a state of emergency in the State of Hawaiʻi in response to the public health threat posed by the COVID-19 pandemic.

9. Defendant requested a few additional continuances of this matter before requesting on March 16, 2020 that the Court again schedule a jury waived trial of this matter.

10. On March 16 2020, the Court re-scheduled the jury waived trial of this matter to April 6, 2020.

11. Also on March 16, 2020, an Order in the Matter of the Judiciary's Response to the COVID-19 Outbreak was filed in the Supreme Court of the State of Hawaii in SCMF-20-0000152, which Order continued all trials in the State of Hawaii to a date after April 30, 2020.

12. On March 17, 2020, Emergency Order #3 Regarding Family Court of the Fifth Circuit was signed by Chief Judge Randal G.B. Valenciano and filed in the Circuit Court of the Fifth Circuit, State of Hawaii under Sp. No. 5CSP-20-0000009, which Order continued Adult Criminal Family Court trials to a date after April 30, 2020.

13. On April 6, 2020, the Court re-scheduled the April 6, 2020 jury waived trial of this matter to July 7, 2020[13] due to the COVID-19 pandemic and the above-stated orders of the Supreme Court of the State of Hawaii and the Chief Judge of the Circuit Court of the Fifth Circuit, State of Hawaii.

14. On April 17, 2020 an Order Regarding Trials was filed in the Supreme Court of the State of Hawaii in the Matter of the Judiciary's Response to the COVID-19 Outbreak in SCMF-20-0000152, which Order provided:

---

[13] While FOF 13 states that Rita's trial was rescheduled to July 7, 2020, the record reflects that the April 6, 2020 Minute Order rescheduled Rita's trial to July 6, 2020.

"IT IS HEREBY ORDERED that all trials in civil, criminal, and family courts shall be postponed to a date after Friday, May 29, 2020, or to a date after the termination of the state of emergency as declared by Governor Ige, whichever is sooner, unless otherwise ordered by the chief judge of the respective circuit."

15. On May 28, 2020, an Order Regarding Judiciary Operations was signed by Chief Judge Randal G.B. Valenciano[14] and filed in the Supreme Court of the State of Hawaii in the Matter of the Judiciary's Response to the COVID-19 Outbreak SCMF-20-0000152, which Order further extended the provisions of the March 16, 2020 Order through June 30, 2020.

16. On April 29, 2020, an Order entitled Amended Emergency Order #3 Regarding Family Court of the Fifth Circuit was filed in the Circuit Court of the Fifth Circuit, State of Hawaii under Sp. No. 5CSP-20-0000009, which Order continued all Family Court adult criminal trials to a date after May 29,2020.

17. On May 29, 2020, an Order entitled Family Court of the Fifth Circuit's Order the Reopening of the Family Court of the Fifth Circuit was filed in the Circuit Court of the Fifth Circuit, State of Hawaii, under Sp. No. 5CSP-20-0000009, which Order provided that "The Family Court of the Fifth Circuit will resume full operation of all civil, juvenile, and criminal calendars on June 1, 2020."

## II. CONCLUSIONS OF LAW

1. Under Hawaiʻi Rules of Penal Procedure ("HRPP"), Rule 48(b)(1), the State has six months from July 7, 2019 to bring this matter to trial because Defendant was arrested and bail was set on that date.

2. The period of delay in this matter from December 2, 2019 through April 6, 2020 is an excludable period of time for purposes of the above-stated six-month timeframe, as this delay was caused by Defendant's failure to appear at his initial jury waived trial on December 2, 2019. HRPP Rule 48(c)(5).

3. The period of delay from April 6, 2020 through July 6, 2020 is an excludable period of time for purposes of the above-stated six-month timeframe as a period of delay for good cause due to (a) the ongoing State of Emergency resulting from the worldwide COVID-19 pandemic and (b) the above-mentioned Orders of the Supreme Court of the State of Hawaiʻi and the Chief Judge of the Circuit Court of the Fifth Circuit, State of Hawaiʻi. HRPP Rule 48(c)(8).

(Footnotes added).

---

[14]    While FOF 15 states that the Chief Justice's May 28, 2020 Order was signed by Chief Judge Valenciano, the record reflects that it was signed by the Chief Justice.

## II. STANDARD OF REVIEW

We review a trial court's decision on a HRPP Rule 48 motion to dismiss under both the "clearly erroneous" and "right/wrong" tests:

> A trial court's findings of fact (FOFs) in deciding an HRPP 48(b) motion to dismiss are subject to the clearly erroneous standard of review. An FOF is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction that a mistake has been committed. However, whether those facts fall within HRPP 48(b)'s exclusionary provisions is a question of law, the determination of which is freely reviewable pursuant to the "right/wrong" test.

State v. Choy Foo, 142 Hawaiʻi 65, 72, 414 P.3d 117, 124 (2018)(citations omitted).

## III. DISCUSSION

On appeal, Rita does not challenge COL 3's conclusions that:  in ground (a), the "ongoing State of Emergency resulting from the worldwide COVID-19 pandemic" constituted good cause; and, in ground (b), that the COVID-19-related court orders constituted good cause.  COL 3.  Unchallenged conclusions of law are binding on appeal.  See Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 125, 839 P.2d 10, 31 (1992).  Rita raises arguments regarding the date of the Rule 48 deadline and the applicability of the Chief Justice's March 16, 2020 Order to Rita's case, which we now address.

Rita first argues that the Family Court erred in excluding the April 6, 2020 to July 6, 2020 time period because "[i]f that period is not excluded from the calculation the Rule 48 deadline expired on May 22, 2020, according to the State's own admissions *in judicio*."  Rita claims that the State is bound on appeal by its statement in an opposition memorandum below that "the Rule 48 deadline was '5/22/20.'"  Rita does not cite to any authority that obligates this court to accept a party's legal conclusion or representation, made in argument, that may or may

not be accurate or correct.  The application of Rule 48 or any of its exclusions, and determination of whether the six-month deadline under the rule is violated, are questions of law that must be determined by the trial court in the first instance, and are freely reviewable on appeal.  See Choy Foo, 142 Hawaiʻi at 72, 414 P.3d at 124.  The argument that this court must accept and be bound by a "May 22, 2020" deadline lacks merit.

Second, Rita argues that the Chief Justice's March 16, 2020 Order did not apply to "emergency and time sensitive matters," and that his jury-waived trial was a "time-sensitive" matter.  It was within the discretion of the Family Court not to deem Rita's jury-waived trial a "time-sensitive matter."  A trial court's discretion will not be disturbed without a showing that there is a clear abuse or that the court's ruling is arbitrary and capricious.  State v. Estencion, 63 Haw. 264, 267, 625 P.2d 1040, 1043 (1981).  The Family Court determined that Rita was not in custody and bailed out two days after his arrest.  FOF 1.  The record reflects that the Chief Justice's March 16, 2020 Order recognized an exception for "emergency and time-sensitive matters" and gave the presiding judge discretion to conduct proceedings that were "deem[ed] urgent."  Given the circumstances of this case, the Family Court did not abuse its discretion in rescheduling Rita's case in accordance with the Chief Justice's March 16, 2020 Order and the Fifth Circuit March 17, 2020 Emergency Order #3.  See id.

Third, Rita argues that the Chief Justice's March 16, 2020 Order "contains no statement that the trial time limitations of Rule 48 of the Hawaii Rules of Penal Procedure are tolled or extended in any way because of the court's order," and thus, "it must be presumed [that] those orders did not intend to address or alter the rule's trial time requirements."  To support his interpretation, Rita relies on the statutory construction principle of *expressio unius est exclusio alterius*, that "to express or include one thing implies the exclusion of the other,

12

or of the alternative." Choy Foo, 142 Hawaiʻi at 74, 414 P.3d at 126 (quoting Black's Law Dictionary (10th ed. 2014)) (internal quotation marks omitted). Rita asserts that: "[t]he fact that there have been at least three other orders which do specifically address the subject of statutory, rule, and court order deadlines and time requirements (the Chief Justice's March 20, 2020, August 27, 2020, and October 5, 2020 Orders) strongly supports" the conclusion that the Chief Justice's March 16, 2020 Order was "not intend[ed] to address or alter the rule's trial time requirements."

While canons of statutory construction may be applied to court orders, "[i]f the language of the order is unambiguous and applying it in its literal sense would not produce a result that is absurd, unjust, or at odds with governing law, we are bound to enforce the plain meaning" of the court order. Lānaʻians for Sensible Growth v. Land Use Comm'n, 146 Hawaiʻi 496, 503, 463 P.3d 1153, 1160 (2020) (citing State v. Guyton, 135 Hawaiʻi 372, 378, 351 P.3d 1138, 1144 (2015)). The Chief Justice's March 16, 2020 Order is silent as to HRPP Rule 48 and contains no ambiguity in that regard. The Order plainly does not address HRPP Rule 48 in the postponement of criminal trials. Moreover, the canon of *expressio unius est exclusio alterius* applies to expressed and unexpressed subject matter within the same statute, not between different statutes; and thus, the canon need not be employed to different court orders. See Choy Foo, 142 Hawaiʻi at 74, 414 P.3d at 126 (comparing subsections (c)(1)

and (d)(1) within HRPP Rule 48).[15]  Rita's reliance on the canon is misplaced.

Fourth, Rita argues that "assuming *arguendo* that [the Chief Justice's March 16, 2020 Order] did suspend trials and toll the running of the Rule 48 clock, the order was only effective until April 30, 2020[;]" the Order "did not impact the State's ability to afford the defendant a trial in May within the Rule 48 time limits[;]" and Rita's trial was "outside the time for any mandated suspension of proceedings" under the March 16, 2020 Order.  However, as set forth in FOF 13 of the Family Court's Order Denying Motion to Dismiss (which is unchallenged),[16] the Family Court rescheduled Rita's trial to July "due to the COVID-19 pandemic" as well as the Chief Justice's March 16, 2020 Order and the Fifth Circuit March 17, 2020 Emergency Order #3.  The Chief Justice's March 16, 2020 Order authorized each circuit to "issue orders and adjust court operations as warranted to address the urgent and rapidly evolving public health conditions, including . . . postponement of in-person proceedings[.]"  Additionally, Rita's claim that he could have been afforded a

---

[15]    In Choy Foo, the Hawaiʻi Supreme Court explained the canon as follows: "'[T]he contrast between a specific subject matter which is expressed and one which is not mentioned leads to an inference that the latter was not intended to be included within the statute.'"  142 Hawaiʻi at 74, 414 P.3d at 126 (quoting Int'l Sav. and Loan Ass'n v. Wiig, 82 Hawaiʻi 197, 201, 921 P.2d 117, 121 (1996)) (emphasis added).  In Int'l Sav. and Loan Ass'n, the court stated:

> The inclusion of a specific matter in a statute implies the exclusion of another "only where in the natural association of ideas the contrast between a specific subject matter which is expressed and one which is not mentioned leads to an inference that the latter was not intended to be included within the statute."  82 C.J.S. Statutes § 333, at 670 (1953).

82 Hawaiʻi at 201, 921 P.2d at 121 (emphases added).  Both of these cases reference the canon of *expressio unius est exclusio alterius* as applying to specific matters within the **same** statute, not between **different** statutes.

[16]    Findings of fact which are unchallenged on appeal are binding on the parties and on appeal.  State v. Rodrigues, 145 Hawaiʻi 487, 494, 454 P.3d 428, 435 (2019) (quoting Kelly v. 1250 Oceanside Partners, 111 Hawaiʻi 205, 227, 140 P.3d 985, 1007 (2006)).

trial in May 2020 is unavailing where subsequent COVID-19-related court orders extended the postponement of trials due to the ongoing state of emergency and in light of COL 3's conclusion that the state of emergency constituted good cause under HRPP Rule 48(c)(8), which Rita did not challenge.  See Chief Justice's April 17, 2020 Order Regarding Trials (postponing all trials to a date after May 29, 2020); Fifth Circuit April 29, 2020 Amended Emergency Order #3 (adopting Chief Justice's April 17, 2020 Order requiring all trials to be continued to a date after May 29, 2020).

Fifth, Rita argues that because the subsequent orders issued by the Chief Justice or the Fifth Circuit Chief Judge were not in existence when the Family Court issued its April 6, 2020 Minute Order, these orders "could not have formed the basis for the trial court's decision to continue the trial to July 6, 2020."  In unchallenged FOF 13, the Family Court cited the "above-stated orders" of the Chief Justice and Fifth Circuit Chief Judge and the "COVID-19 pandemic" as the reason for rescheduling trial to July.  The "above-stated orders" referred to in FOF 13, included the Chief Justice's March 16, 2020 Order (FOF 11), and the Fifth Circuit Chief Judge's March 17, 2020 Emergency Order #3 (FOF 12); no other orders are referenced in the FOFs preceding FOF 13.  These FOFs foreclose Rita's argument because they establish that the Family Court did not rely on orders subsequent to April 6, 2020 when issuing its April 6, 2020 Minute Order.

For the reasons stated above, we conclude that the Family Court did not err in applying the Chief Justice's March 16, 2020 Order here, and COL 3 was not erroneous.[17]  See Choy

---

[17]  Based on our resolution, it is not necessary to address Rita's remaining argument that the State waived its right to argue against his Rule 48 motion because the State did not file a motion alerting the Family Court of the Rule 48 issue.

(continued...)

Foo, 142 Hawaiʻi at 72, 414 P.3d at 124.  There was no Rule 48 violation in this case because the July 6, 2020 trial date was before the expiration of the Rule 48 deadline of August 7, 2020.[18]

---

[17](...continued)

In light of our conclusion that COL 3 was not wrong in applying the good cause exception to exclude the April 6, 2020 to July 6, 2020 time period, we need not address the State's argument in the alternative, regarding an exclusion for the June 1, 2020 to July 6, 2020 time period.

[18]     The following HRPP Rule 48 calculation, based on the Family Court's FOFs/COLs and Order, reflects an August 7, 2020 Rule 48 deadline.  In his Opening Brief, Rita concedes that the period between December 2, 2019, and April 6, 2020, is excluded from the Rule 48 calculation due to his failure to appear for his initial trial setting.

| Dates | Event(s) | State (included days) | Defense (excluded days) | Rule 48 Deadline |
|---|---|---|---|---|
| 7/7/19 - 9/9/19 | Arrest-Arraignment -First Entry of Plea | 64 | | 1/3/20 |
| 9/9/19 - 9/23/19 | First Entry of Plea to Continued Entry of Plea | 14 | | 1/3/20 |
| 9/23/19 - 12/2/19 | Continued Entry of Plea to First Bench Trial Date | 70 | | 1/3/20 |
| 12/2/19 - 4/6/20 | Defendant's Failure to Appear at Initial Bench Trial Date | | 126 | 5/8/20 |
| 4/6/20 - 7/6/20 | Court continuance due to COVID-19 | | 91 | 8/7/20 |

The total included time that had elapsed was 148 days, and thus, there were 32 days remaining until the six-month Rule 48 deadline expired.

In the Answering Brief and Reply Brief, the parties dispute whether the Family Court included or excluded the 14-day period between September 9, 2019 to September 23, 2019.  The Family Court's COLs set forth the excludable time periods, but did not exclude this period of time; thus, this time period is included.

We note, however, that neither the parties nor the Family Court addressed the applicability of HRPP Rule 48(c)(1) and (d)(1), regarding the tolling of the Rule 48 deadline caused by the June 19, 2020 filing of Rita's motion to dismiss, until its disposition on July 6, 2020.  Subsections (c)(1) and (d)(1) provide that:  as to pretrial motions that "delay the commencement of trial" filed by a defendant, including "motions to dismiss," the period of time "from the filing through the prompt disposition" of the motion is "[p]er se excludable" in computing the time for trial commencement.

## IV. CONCLUSION

For the foregoing reasons, we affirm the July 8, 2020 Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion to Dismiss With Authorities, filed by the Family Court of the Fifth Circuit.

DATED:  Honolulu, Hawaiʻi, July 28, 2022.

On the briefs:

Bentley C. Adams, III,
for Defendant-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauaʻi,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge