**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000468**
**09-JUL-2024**
**08:07 AM**
**Dkt. 84 SO**

NO. CAAP-20-0000468

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MICHAEL JAMES DICK, Plaintiff-Appellant, v.
ELENA MOREL DICK, Defendant-Appellee.

APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(CASE NO. 5DV171000039)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

Plaintiff-Appellant Michael James Dick (**Michael**) appeals from the Family Court of the Fifth Circuit's[1] June 22, 2020 "Order Granting Defendant's Motion to Enforce Divorce Decree and for Judgment" (**Order**) and June 22, 2020 Judgment (**Judgment**).

On appeal, Michael challenges the late payment penalty and attorney's fees awarded to his former spouse, Defendant-

---

[1]  The Honorable Edmund D. Acoba presided.

Appellee Elena Morel Dick (**Elena**).[2]  We review Michael's

challenges under the abuse of discretion standard.  See DL v.

CL, 146 Hawaiʻi 328, 335, 463 P.3d 985, 992 (2020) (indicating

family court decisions are reviewed for abuse of discretion).

Upon careful review of the record and the briefs

submitted by the parties and having given due consideration to

the issues raised and arguments advanced by the parties, we

resolve Michael's points of error below.

**(1)**  Michael contends "the 10% monthly interest

payment penalty provision is unconscionable and the Family Court

erred in upholding it."  (Formatting altered.)  Michael relies

in part on Hawaiʻi Revised Statutes (**HRS**) § 478-3 (2008) to

support his argument.[3]  Elena does not address Michael's HRS

§ 478-3 argument in her answering brief.  **[Dkt. 76]**

"Interest at the rate of ten per cent a year, and no

more, shall be allowed on any judgment recovered before any

court in the State, in any civil suit."  HRS § 478-3 (emphases

added).  In Lopresto-Nakamura v. Nakamura, 125 Hawaiʻi 242, 257

---

[2]  In his points of error, Michael does not challenge the family court's findings of fact or conclusions of law.  Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4); Balogh v. Balogh, 134 Hawaiʻi 29, 33 n.3, 332 P.3d 631, 635 n.3 (2014) (noting unchallenged findings of fact from the family court are binding on the appellate court); State v. Rita, 151 Hawaiʻi 371, 513 P.3d 437, No. CAAP-20-0000454, 2022 WL 2981218, at *6 (App. July 28, 2022) (mem. op.) ("Unchallenged conclusions of law are binding on appeal.").

[3]  Michael also relies on a section from the Restatement (Second) of Contracts discussing unconscionable contracts or terms, however, we need not reach this issue in light of our decision.

P.3d 1219, No. 28798, 2011 WL 341272, at *5-6 (App. Feb. 3, 2011) (mem. op.), wife moved to enforce the divorce decree requesting ten percent interest per year on the alimony payments not paid. This court explained, "[i]n the absence of express statutory authority governing the payment of interest in a specific type of claim, HRS § 478-3, governing the payment of interest in civil judgments generally, applies." Id. at *6 (citation omitted). We then remanded the case, instructing the family court to consider the interest owed to wife under the divorce decree. Id.

In other words, HRS § 478-3 limits interest on a judgment to ten percent per year and applies to a divorce decree.

But the divorce decree in this case provided, "[i]f, without good cause, the remaining balance is not paid on or before January 2, 2019, a penalty of 10% of the balance due shall be added each and every month until the balance due, including penalties, is paid in full." (Emphasis added.) The family court found "[i]nterest was to accrue at a rate of 10% per month," and based on a "balance of $51,557.23, (the interest accrued on the late payment)[,]" Michael owed Elena $246,330.51 as of the March 9, 2020 trial date.

The penalty imposed here was interest for the late payment, which should not have exceeded ten percent per year

under HRS § 478-3.  By applying an interest rate of ten percent per month, each month, the family court disregarded HRS § 478-3 to Michael's substantial detriment and, thus, abused its discretion.

**(2)**  Relatedly, Michael also contends the family court erred by charging him "with a penalty for the minor delay in paying the remainder of the Kalaheo property equalization payment" because there was good cause.  (Formatting altered.) Michael explains the late payment was due to delays in refinancing the Kalaheo property, which was caused in part by Elena's "inexplicable refusal to timely execute the Kalaheo home quitclaim deed . . . ."

> In unchallenged findings, the family court found
>
> > pursuant to the parties' divorce decree, filed herein on January 9, 2019, [Michael] was to have paid [Elena], as the remaining balance due on the equalization payment owed to [Elena], a total of $515,572.31 on January 2, 2019. Interest was to accrue at a rate of 10% per month on the unpaid balance if the payment were [sic] late without good cause.

The family court also found Michael:  by his own testimony, had $619,930.39 in assets as of December 31, 2018; paid the $515,572.31 on February 28, 2019; and was not credible in claiming he had insufficient funds to make the equalization payment.  The family court further found the quitclaim deed was to be executed upon Michael making full payment to Elena.

4

This court is bound by unchallenged findings and credibility determinations. See Balogh, 134 Hawaiʻi at 33 n.3, 332 P.3d at 635 n.3 (noting unchallenged findings are binding on appeal); DL v. CL, 146 Hawaiʻi at 336, 463 P.3d at 993 (explaining appellate courts will not pass on credibility determinations as those are "the province of the trier of fact") (citation and internal quotations marks omitted). Based on the unchallenged findings, Michael had sufficient funds to timely pay Elena, and Elena was not required to execute the quitclaim deed until after she was paid in full. Thus, aside from the HRS § 478-3 limitation discussed above, the family court did not abuse its discretion in penalizing Michael for his late payment.

**(3)** Finally, Michael contends the family court abused its discretion in awarding Elena attorney's fees and costs. Michael further contends the family court should have awarded him attorney's fees and costs due to Elena's "egregious actions."

Michael, however, does not elaborate as to Elena's "egregious actions" or the specific behavior that amounted to "unclean hands" in his argument on this issue. See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7). And as discussed above, the divorce decree did not require Elena to quitclaim the deed for the Kalaheo property prior to Michael making the equalization payment.

HRS § 580-47 (2018) specifically provides for attorney's fees on "a motion for an enforcement order." Cain v. Cain, 59 Haw. 32, 43 n.6, 575 P.2d 468, 476 n.6 (1978). Thus, attorney's fees related to seeking interest for the late payment as limited by HRS § 478-3 (ten percent per year) would be permissible, but attorney's fees related to seeking interest exceeding that set forth in HRS § 478-3 (ten percent per month) would not.

Based on the foregoing, we vacate the June 22, 2020 Order and Judgment, and remand this case for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, July 9, 2024.

On the briefs:

Rosa Flores,
for Plaintiff-Appellant.

Catherine Valenti,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge