**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000611
30-JAN-2024
08:07 AM
Dkt. 59 SO**

NO. CAAP-22-0000611

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ARTEMIO D. RAMOS, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NOS. 2CPC-17-0000173 and 2CPC-21-0000588)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Artemio D. Ramos (**Ramos**), appeals from the November 15, 2022 "State's Findings of Fact [(**FOFs**)], Conclusions of Law [(**COLs**)], and Order Denying Defendant's Motion to Dismiss Pursuant to Rule 48" (**Orders Denying Rule 48 Dismissal**), entered in two separate multi-count sexual assault cases,[1] consolidated for trial, by the Circuit Court of the Second Circuit (**Circuit Court**).[2]

---

[1]     The two underlying cases were 2CPC-17-0000173 and 2CPC-21-0000588.

[2]     The Honorable Kirstin M. Hamman presided.

On appeal, Ramos contends that the Circuit Court erred by:  (1) denying Ramos's Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 48 motion to dismiss (**Rule 48 Motion**) after Ramos "established more than 180 days passed since the resetting of trial"; (2) entering FOFs and COLs that suggested the continuance was excluded because Ramos "consented to the delay"; and (3) finding that "the effects of the COVID-19 pandemic amounted to good cause to toll Rule 48."[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Ramos's points of error as follows, and affirm.

We focus our review on Ramos's contention challenging FOF 4 and COL 9's[4] exclusion of the 172-day time period from February 18, 2022 to August 8, 2022 under HRPP Rule 48(c)(3),

---

[3]     Ramos's points of error "A.," One, and Two have been renumbered. See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4) (requiring numbered points of error).

[4]     FOF 4 states:

> 4.     After a series of waivers, that excluded all but ten (10) additional days, Defendant [Ramos] appeared in person in court, along with Counsel (via zoom) on February 18, 2022, when the matter was set for trial by agreement of the parties on August 8, 2022[.]

(Emphasis added.)

> COL 9 states:

> 9.     The period from February 18, 2022, to August 8, 2022, is excluded due to Defense Counsel's agreement, while Defendant [Ramos] was present in court to the trial date of August 8, 2022.  Rule 48(c)(3); State v. Diaz, 100 Haw. 210, 223, 58 P.3d 1257, 1270 (2002); State v. Schoenlein, 125 Haw. 246, 257 P.3d 1223 *2 (ICA 2011); State v. Kaehu, 144 Haw. 436, 443 P.3d 128 *2 (ICA 2019).

(Emphasis added.)

because the excludability of this time frame is dispositive of this appeal.[5]

Ramos argues that "2/18/2022–8/8/2022 is not [e]xcludable" because Ramos "[a]greed to the setting of the [t]rial date, not to [c]ontinue [t]rial." This argument is not supported by the record.

"A trial court's findings of fact (FOFs) in deciding an HRPP 48(b) motion to dismiss are subject to the clearly erroneous standard of review." State v. Choy Foo, 142 Hawaiʻi 65, 72, 414 P.3d 117, 124 (2018) (quoting State v. Samonte, 83 Hawaiʻi 507, 514, 928 P.2d 1, 8 (1996)). "[W]hether those facts fall within HRPP 48(b)'s exclusionary provisions is a question of law, the determination of which is freely reviewable pursuant to the 'right/wrong' test." Id. (quoting Samonte, 83 Hawaiʻi at 514, 928 P.2d at 8).

HRPP Rule 48(c)(3) excludes, from the computation of the 180-day required time period for trial commencement, "periods that delay the commencement of trial and are caused by a continuance granted at the request or with the consent of the defendant or defendant's counsel[.]" The exclusion under HRPP Rule 48(c)(3) "only requires consent from either the defendant or the defendant's counsel." State v. Diaz, 100 Hawaiʻi 210, 223, 58 P.3d 1257, 1270 (2002).

---

[5] Ramos does not challenge the 36 unexcluded days in the immediately preceding time frame, May 5, 2017 to February 18, 2022, set forth in COL 7, which states:

> 7. Defendant [Ramos] is not challenging the time between May 5, 2017, and February 18, 2022, and furthermore the Court finds that the entire period, except for thirty-six (36) days is excluded pursuant to Rule 48(c) and (d).

Thus, if the 172-day time period at issue is not excludable as Ramos contends, then the total unexcludable time would be 208 days (172 days plus 36 days), and Rule 48 would be violated. Therefore, whether we affirm or reverse the Circuit Court's exclusion of this 172-day time period is dispositive.

The transcript of the trial setting hearing reflects the following:

THE CLERK:  Calling 2CPC-17-173 and 2CPC-21-588, Artemio Ramos for trial setting status.

[DEPUTY PROSECUTING ATTORNEY (**DPA**)]:  Good morning, Your Honor. [DPA] on behalf of the State of Hawaii.

THE COURT:  Good morning.

[DEFENSE COUNSEL]:  Good morning, Your Honor. [(Defense Counsel states his name.)]

I can see you guys on the screen, but I'm trying to flip on my video, but it's not going on.  So I do apologize for that.

THE COURT:  That's okay. I did see you were -- you're -- you had your video on earlier. That's fine.

And your client Mr. Ramos is present in court, in custody.

[DEFENSE COUNSEL]:  Thank you, Your Honor. I believe today we have the setting of the new dates.

THE COURT:  Yes. We need to set a trial date.

THE CLERK:  We can set that for -- we can set that for Monday, August 8th at 10:00.

[DEFENSE COUNSEL]:  August 8th at 10:00.

THE COURT:  All right. Does that work for the State?

[DPA]:  It does, Your Honor. I just wanted to put on the record due to the delay in the trial date, the State has been ready for trial; prepared. I understand -- I talked to [defense counsel] on the phone. In the interim, while we were discussing this and understanding that due to his schedule, he had a bunch -- he had a number of things in the -- in -- I think in March and April anyway, so I believe he needed more time.

Is that correct, [defense counsel]?

[DEFENSE COUNSEL]: That is correct, Your Honor. I did tell Mr. Ramos that I do have a firm murder trial on Kauai that starts in May, and I do have another -- yeah, in May, and then I do have another trial coming up in June thereafter. So that's about it, Judge.

THE COURT: Well, we do have earlier dates available. I know you said you have a trial in June. When is that trial?

4

[DEFENSE COUNSEL]: It depends on the -- they're both on Kauai. It depends on the length of the murder trial that commences in late May.

THE COURT: Okay.

[DPA]: Well, if the defense is okay with the date, the State is okay. But --

THE COURT: All right.

[DPA]: -- the August date, but just want to put that on the record.

THE COURT: All right. And is that -- you're okay with that date, August 8th, [defense counsel]?

[DEFENSE COUNSEL]: I'm fine with that date, Your Honor. And that'll give me time to -- with the COVID restriction going down, it'll give me time to personally go down to MCCC to meet with Mr. Ramos.

THE COURT: All right. Okay. All right. So August 8th, and we'll prepare a scheduling order.

(Emphases added.)

Here, the record does not reflect that defense counsel objected on speedy trial or HRPP Rule 48 grounds, to setting a trial date 172 days, or almost six months, away. When the court clerk provided the August 8, 2022 trial date, the Circuit Court inquired whether that date was suitable with both counsels. The DPA represented the State had been ready for trial, but "if the defense is okay with the date, the State is okay." Defense counsel stated he had scheduling conflicts in May and June due to other trials; and that he was "fine with that date" because it would provide defense counsel "time to personally go down to MCCC to meet" with Ramos. The Circuit Court then confirmed August 8, 2022 as the reset trial date.

FOF 4 and COL 9, which both contained the Circuit Court's finding that defense counsel manifested "agreement" with the August 8, 2022 trial date, are supported by the record and not clearly erroneous. See Choy Foo, 142 Hawaiʻi at 72, 414 P.3d at 124; Diaz, 100 Hawaiʻi at 223, 58 P.3d at 1270. COL 9's mixed

5

finding and conclusion that excluded this time period under HRPP Rule 48(c)(3) was correct. See Choy Foo, 142 Hawai'i at 72, 414 P.3d at 124. Because the 172 days were correctly excluded, this leaves only 36 unexcluded days in COL 7, and the 180-day time limit for trial commencement under HRPP Rule 48 was not violated. The Circuit Court correctly denied Ramos's Rule 48 Motion.

In light of our resolution, it is not necessary to address Ramos's remaining contention.[6]

For the foregoing reasons, we affirm the Second Circuit Court's November 15, 2022 "State's Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion to Dismiss Pursuant to Rule 48" entered in 2CPC-17-0000173 and 2CPC-21-0000588.

DATED: Honolulu, Hawai'i, January 30, 2024.

On the briefs:

Emmanuel G. Guerrero,
for Defendant-Appellant.

Richard B. Rost,
Deputy Prosecuting Attorney
County of Maui,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[6] The 40-day time period from August 8, 2022, to September 26, 2022 that Ramos challenges in his third point of error, is not determinative of the outcome of Ramos's Rule 48 Motion. Assuming arguendo this period should have been excluded, this only results in 76 (40 + 36) unexcluded days, far short of the 180-day time limit under the rule.