NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000182
22-MAR-2024
08:07 AM
Dkt. 60 SO

NO. CAAP-19-0000182

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
SPIRIT SO'OGA, also known as Sprirt L.T. Sooga,
Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CASE NO. 1DTA-18-00619)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting C.J., and Wadsworth and Nakasone, JJ.)

Defendant-Appellant Spirit So'oga, also known as Sprirt L.T. Sooga (**So'oga**), appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**), entered on March 12, 2019, in the District Court of the First Circuit, 'Ewa Division (**District Court**).[1] Following a bench trial, So'oga was convicted of Operating a Vehicle under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1).

On appeal, So'oga appears to contend that the District Court erred in denying: (1) So'oga's request for a trial continuance so that she could obtain a transcript of her prior suppression hearing; (2) So'oga's motion to dismiss, filed on

---

[1] The Honorable Melanie May presided over pre-trial and trial proceedings on February 12 and 20, 2019, and entered a February 20, 2019 Notice of Entry of Judgment and/or Order and Plea/Agreement convicting So'oga of OVUII, imposing the initial sentence, and continuing the case for a determination of restitution. The Honorable Michelle M. Comeau entered the Judgment, which determined that the State was not requesting restitution.

February 8, 2019 (**Motion to Dismiss**), based on an alleged violation of Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 48; and (3) Soʻoga's "No. 17 - Motion to Exclude Testimony of Officer [Charles] Rezentes and for Sanctions Due to Spoliation," filed on September 7, 2018.[2/]

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Soʻoga's contentions as follows.

We find Soʻoga's second contention – that the District Court erred in denying the Motion to Dismiss based on a Rule 48 violation – dispositive. Soʻoga argues that the District Court improperly excluded certain time periods in computing the time for trial commencement under Rule 48.

"HRPP [Rule] 48 is intended not only 'to ensure speedy trial for criminal defendants,' but also 'to relieve congestion in the trial court, to promptly process all cases reaching the courts[,] and to advance the efficiency of the criminal justice process.'" State v. Choy Foo, 142 Hawaiʻi 65, 72, 414 P.3d 117, 124 (2018) (alterations in original, ellipsis omitted) (quoting State v. Hoey, 77 Hawaiʻi 17, 29, 881 P.2d 504, 516 (1994)). To accomplish this end, HRPP Rule 48(b) requires the trial court, on motion of the defendant, "to dismiss the charge . . . 'if trial is not commenced within 6 months[,]'" i.e., 180 days "of a relevant triggering date." Id. at 72, 414 P.3d at 124; see State v. Alkire, 148 Hawaiʻi 73, 86, 468 P.3d 87, 100 (2020).

Here, the District Court concluded, and the parties do not dispute, that the Rule 48 clock began to run on January 28, 2018, the date of Soʻoga's arrest. When trial commenced on February 12, 2019, 380 days had elapsed. In ruling on Soʻoga's Motion to Dismiss, the District Court performed a series of calculations pursuant to HRPP Rule 48(c), and excluded a total of 202 days from that 380-day period, leaving 178 days that had elapsed under Rule 48. The court thus concluded that as of February 12, 2019, two days remained to commence trial under Rule

---

[2/]     Soʻoga's points of error have been restated and condensed for clarity.

48, and there was no violation of the rule.  Accordingly, if the District Court improperly excluded more than two days in calculating the time for trial commencement, the court erred in determining there was no Rule 48 violation.

We conclude that the District Court erred in excluding *at least* 18 days in its Rule 48 calculations.  In denying So'oga's Motion to Dismiss, the District Court excluded, *inter alia*, the period from April 3, 2018, to May 15, 2018, under HRPP Rule 48(c)(3), on the ground that at the first trial setting on April 3, 2018, So'oga requested a continuance to obtain discovery and to file motions, and the court granted the request and reset trial for May 15, 2018.[3/]  However, on April 13, 2018, So'oga filed motions to compel discovery and motions to suppress.  The motions to compel were heard and granted in part on May 1, 2018.  The motions to suppress were set for hearing on May 22, 2018, but were not resolved until February 12, 2019.  Based on our review of the record, we conclude that the 18-day period from April 13, 2018 to May 1, 2018, *i.e.*, from the filing date of So'oga's motions to compel to the date of their disposition, should not have been excluded in computing the time for trial commencement under Rule 48.[4/]  See HRPP Rule 48(d)(2).

Because we conclude that the District Court improperly excluded more than two days in calculating the time for trial commencement, we need not address So'oga's remaining arguments based on Rule 48.  The District Court erred in determining there was no Rule 48 violation and thus in denying the Motion to Dismiss.  Given our disposition of this issue, we need not address So'oga's remaining contentions.

For the reasons discussed above, the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on March 12,

---

[3/]     At the April 3, 2018 hearing, So'oga agreed only that the period from May 8 to May 15, 2018, would be "charged to the defense."

[4/]     The State appears to argue that for Rule 48 purposes, the entire ten-month period in which the motions to suppress were pending before the District Court, *i.e.*, from April 13, 2018, to February 12, 2019, should have been excluded and, implicitly, the motions to compel discovery should be ignored.  The District Court, however, did not exclude this period.  In any event, the State does not explain how the motions to suppress received "prompt disposition" for purposes of HRPP Rule 48(d)(1).

2019, in the District Court of the First Circuit, ʻEwa Division, is vacated.  This case is remanded to the District Court for dismissal of the charges against Soʻoga, with or without prejudice in its discretion in accordance with the principles stated in State v. Estencion, 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981).

DATED:  Honolulu, Hawaiʻi, March 22, 2024.


On the briefs:

Richard L. Holcomb
(Holcomb Law, LLLC)
for Defendant-Appellant.

Dwight K. Nadamoto,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Karen T. Nakasone
Associate Judge