**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000168
22-JUN-2021
08:23 AM
Dkt. 58 SO**

NO. CAAP-18-0000168

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WELLS FARGO DELAWARE TRUST COMPANY, N.A., AS TRUSTEE FOR
VERICREST OPPORTUNITY LOAN TRUST 2011-NPL1,
Plaintiff,
v.
MICHELLE COHEN; MARK STEVEN COHEN; WAIKOLOA BEACH RESORT;
ASSOCIATION OF APARTMENT OWNERS OF VISTA WAIKOLOA; FLAGSTAR BANK,
FSB; JOHN AND MARY DOES 1-20; DOE PARTNERSHIPS, CORPORATIONS OR
OTHER ENTITIES 1-20, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CC12100006K)


**SUMMARY DISPOSITION ORDER**
(By: Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Real Party in Interest-Appellant Karyn A. **Doi** appeals
from the "Order Imposing Monetary Sanction (As to: Karyn A. Doi,
Esq.)" (**Sanction Order**) entered by the Circuit Court of the Third
Circuit on February 20, 2018.[1]  For the reasons explained below,
we reverse the Sanction Order.

This appeal arises from a mortgage foreclosure action.
Doi represented the plaintiff, **Wells Fargo** Delaware Trust
Company, N.A.  The complaint was filed on January 9, 2012.  The
defendant mortgagors were served with the complaint but failed to
respond.  The mortgagors' defaults were entered.  Wells Fargo's
motion for interlocutory decree of foreclosure was granted.  A

---

[1]    The Honorable Melvin H. Fujino presided.  Judge Fujino retired
from the bench effective June 30, 2020.

foreclosure judgment was entered.  A foreclosure commissioner was appointed.  The commissioner conducted an auction of the foreclosed property.  Wells Fargo was the only bidder.  The foreclosure commissioner's report was filed with the circuit court.

Wells Fargo's motion to confirm the foreclosure sale was filed on January 13, 2017.  The motion was heard on February 1, 2017.  Doi appeared for Wells Fargo; no other party appeared.  The circuit court orally granted the motion but denied the request for costs because no documentation of the requested costs had been provided.  The circuit court directed that Doi prepare the order.

Before Doi prepared the order confirming the foreclosure sale, she filed another motion for authority to pay costs from the proceeds of the foreclosure sale.  The motion was heard on October 4, 2017.  The circuit court treated the motion as one for reconsideration of the previous denial of costs, and denied the motion.  The following exchange then occurred:

> THE COURT:  And what happened to the order granting [confirmation of] the foreclosure [sale]?
>
> MS. DOI:  I'll look into that, Judge.
>
> THE COURT:  You going get ten days from today to submit that order.
>
> MS. DOI:  Alright.  Thank you.

Doi did not submit the order confirming the foreclosure sale within the time ordered by the circuit court.[2]

The order denying the motion for costs was entered on November 27, 2017.  On the same day, the circuit court issued an order to show cause (**OSC**) to Doi.  The OSC stated:

> YOU ARE HEREBY ORDERED to appear before the Honorable Melvin H. Fujino, Judge presiding in this case, on January 4, 2018, at 8:00 a.m., in his courtroom located at

---

[2]     The "Order Granting Plaintiff's Motion for Confirmation of Sale, Distribution of Proceeds, and for Writ of Ejectment Filed January 13, 2017" was entered on December 7, 2017.  A judgment confirming the sale and a writ of ejectment were also entered on December 7, 2017.

> 81-940 Haleki[ʻ]i Street, Kealakekua, Hawaiʻi, to show cause why you should not be sanctioned for failing to submit the order granting Plaintiff's Motion for Confirmation of Sale, Distribution of Proceeds, and for Writ of Ejectment in the above-entitled case within 10 days of the hearing held October 4, 2017.

Doi filed a memorandum in response to the OSC on December 11, 2017. The circuit court conducted an evidentiary hearing on the OSC on February 9, 2018. Doi testified, and a number of documents were entered into evidence. After hearing closing argument, the circuit court imposed a $500 sanction against Doi for violation of Rule 23 of the Rules of the Circuit Courts of the State of Hawaiʻi (**RCCH**).[3] This appeal followed.

"Sanctions imposed under statute, court rule, or the trial court's inherent powers are reviewed for an abuse of discretion. The trial court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Erum v. Llego, 147 Hawaiʻi 368, 378, 465 P.3d 815, 825 (2020) (citation omitted).

RCCH Rule 23 provides, in relevant part:

> **SETTLEMENT OF JUDGMENTS, DECREES, AND ORDERS.**
>
> **(a) Preparation.** Within 10 days after a decision of the court awarding any judgment, decree, or order, including any interlocutory order, the prevailing party, unless otherwise ordered by the court, shall prepare a judgment, decree, or order in accordance with the decision, attempt to secure approval as to form from all other parties, and following such approval deliver, by filing conventionally or electronically, the original and 1 copy to the court.
>
> **(b) Party Approval or Objection to Form; Delivery to Court.** If there is no objection to the form of a proposed judgment, decree, or order, the other parties shall promptly approve as to form. If a proposed judgment, decree, or order is not approved as to form by the other parties within 5 days after a written request for approval, the drafting party shall deliver, by[ ]filing conventionally or

---

[3]     The circuit court has inherent power to sanction an attorney for violation of a court rule. Gap v. Puna Geothermal Venture, 106 Hawaiʻi 325, 332-33, 104 P.3d 912, 919-20 (2004); see Hawaii Revised Statutes § 603-21.9 (2016). However, "[i]t is well settled that a court may not invoke its inherent powers to sanction an attorney without a specific finding of bad faith." Gap, 106 Hawaiʻi at 334, 104 P.3d at 921 (citation omitted). In this case, the circuit court specifically based the sanction on RCCH Rule 23; the circuit court stated it was not relying upon its inherent powers to sanction Doi, and it did not make a specific finding of bad faith.

electronically, the original and 1 copy to the court along with notice of service on all parties and serve a copy thereof upon each party who has appeared in the action. If any party objects to the form of a proposed judgment, decree, or order, that party shall, within 5 days after service of the proposed judgment, decree, or order, serve upon each party who has appeared in the action and deliver to the court, either conventionally or through electronic filing:

> (1) A statement of objections and the reasons therefor, and
>
> (2) The form of the objecting party's proposed judgment, decree, or order.
>
> In such event, the court shall proceed to settle the judgment, decree, or order. Failure to file and serve objections and a proposed judgment, decree, or order shall constitute approval as to form of the drafting party's proposed judgment, decree, or order.
>
> . . . .
>
> **(d) Court Approval; Sanctions**. . . . The court may impose a monetary sanction against a <u>party</u> who submits a defective or untimely judgment, decree, or order.

(Underscoring added.)

"The interpretation of a court rule is reviewed de novo[.]" <u>State v. Choy Foo</u>, 142 Hawaiʻi 65, 72, 414 P.3d 117, 124 (2018) (citation omitted). "When interpreting rules promulgated by the court, principles of statutory construction apply. Interpretation of a statute is a question of law which we review <u>de novo</u>." <u>Gap v. Puna Geothermal Venture</u>, 106 Hawaiʻi 325, 331, 104 P.3d 912, 918 (2004) (citation omitted). "Where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." <u>State v. Marroquin</u>, 149 Hawaiʻi 136, 139, 482 P.3d 1097, 1100 (2021) (cleaned up).

RCCH Rule 23 authorizes the circuit court to "impose a monetary sanction against a <u>party</u> who submits a[n] . . . untimely . . . order" (underscoring added). <u>Compare</u> RCCH Rule 23 <u>with</u> Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 11(c) ("the court may . . . impose an appropriate sanction upon the <u>attorneys, law firms</u>, or parties that have violated subdivision (b) of this Rule") (underscoring added), <u>and</u> HRCP Rule 37(a)(4)(A) ("If the motion [to compel discovery] is granted . . . the court shall,

after affording an opportunity to be heard, require . . . the party <u>or attorney</u> advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees[.]") (underscoring added), <u>and</u> Hawaiʻi Arbitration Rules Rule 28 ("The Arbitration Judge . . . shall have the power to award sanctions against any party <u>or attorney</u> for failure to participate in the arbitration hearing in a meaningful manner.") (underscoring added).

Doi did not submit a proposed order confirming the foreclosure sale to the circuit court within the time required by RCCH Rule 23. However, Rule 23 authorizes the circuit court to impose sanctions against a <u>party</u>; the plain and unambiguous language of the rule does not authorize the circuit court to sanction a party's attorney. We conclude that the circuit court abused its discretion by imposing sanctions against Doi, because the sanction was based upon an erroneous application of RCCH Rule 23. Accordingly, the Sanction Order is reversed.

DATED: Honolulu, Hawaiʻi, June 22, 2021.

On the briefs:

Gary Y. Okuda,
for Real Party in
Interest-Appellant
Karyn A. Doi.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge