**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000245
05-APR-2024
08:02 AM
Dkt. 154 SO**

NO. CAAP-19-0000245

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JASON NOLEN, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-18-0000519)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Wadsworth and Guidry, JJ.)

Defendant-Appellant Jason Nolen (**Nolen**) appeals from

the Judgment of Conviction and Sentence (**Judgment**), filed by the

Circuit Court of the First Circuit (**circuit court**) on March 13,

2019.[1]

_____

[1]    The Honorable Fa'auuga L. To'oto'o presided.

In April 2018, Nolen was charged by indictment with one count of Sexual Assault in the Third Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-732(1)(b) (2014), and one count of Attempted Kidnapping, in violation of HRS §§ 705-500 (2014) and 707-720(1)(d) (2014).  A jury found Nolen guilty as charged in December 2018.

Nolen argues four points of error on appeal.  He contends that the circuit court erred in: (1) "[d]enying [his] Motion to Dismiss for Violation of [Hawaiʻi Rules of Penal Procedure (**HRPP**)] Rule 48";[2] (2) "[a]dmitting Evidence of Nolen's Cell Phone which was Attached to the Peephole of his Door"; (3) determining "there was Sufficient Evidence to Conclude that Nolen Attempted to Kidnap [the complaining witness (**CW**)]"; and (4) "not Engag[ing] in a Proper [Tachibana] Colloquy with Nolen Regarding his Waiver of his Right to Testify or to not Testify."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Nolen's points of error as follows:

(1) Nolen asserts the violation of his right to a speedy trial under HRPP Rule 48.  We review the circuit court's findings of fact in deciding an HRPP Rule 48 motion to dismiss

---

2       As part of point of error (1), Nolen raises an ineffective assistance of counsel claim.

for clear error. State v. Choy Foo, 142 Hawaiʻi 65, 72, 414 P.3d 117, 124 (2018). "[W]hether those facts fall within HRPP 48(b)'s exclusionary provisions is a question of law, the determination of which is freely reviewable pursuant to the 'right/wrong' test." State v. Hernane, 145 Hawaiʻi 444, 449, 454 P.3d 385, 390 (2019) (citation omitted).

At the May 29, 2018 trial call, Nolen's trial counsel stipulated with the State of Hawaiʻi (**State**) to a continuance of the trial.[3] His counsel represented to the court that, "[m]y client is anxious to exercise his speedy trial rights, but at this point I've told him that I am -- I do need to prepare if he -- if he's going to go to trial." The circuit court explained to Nolen that "there's a transcript involving the interview of the complainant that [your counsel] needs to have so she can prepare for your case in the event your case goes to trial, and asked Nolen if he agreed to "waive [his] right to Rule 48 and speedy trial." Nolen responded, "I will not." The circuit court continued the trial week to September 17, 2018, over Nolen's objection as follows,

> THE COURT: Okay. Well, that's fine, it's on the record. Your attorney, however, must do what she has to do in order for her to prepare to --
>
> THE DEFENDANT: I understand.

---

[3]     Nolen's trial counsel at the time was Deputy Public Defender Doris Lum. Lum moved to withdraw as counsel in September 2018, and the circuit court subsequently appointed attorney Emmanuel G. Guerrero to represent Nolen.

THE COURT: -- represent you, and it is her responsibility.

The record reflects that Nolen's counsel agreed to continue the trial, while Nolen himself objected to the continuance. At issue is whether Nolen's counsel's agreement to the continuance violated Nolen's right, pursuant to HRPP Rule 48,[4] to a speedy trial. HRPP Rule 48 excludes from the computation of time "periods that delay the commencement of trial and are caused by a continuance granted at the request or with the consent of the defendant *or defendant's counsel*[.]" HRPP Rule 48(c)(3) (emphasis added).

Pursuant to well-established Hawaiʻi case law, "HRPP Rule 48 is intended to ensure an accused a speedy trial, which is separate and distinct from [the] constitutional protection to a speedy trial." State v. Fukuoka, 141 Hawaiʻi 48, 55, 404 P.3d 314, 321 (2017) (cleaned up). In State v. Diaz, 100 Hawaiʻi 210, 223, 58 P.3d 1257, 1270 (2002), the Hawaiʻi Supreme Court recognized that HRPP Rule 48 "only requires consent from *either* the defendant *or the defendant's counsel*." Id. at 223, 58 P.3d at 1270 (emphasis added).

---

4    Nolen specifically contends on appeal that his right to a speedy trial pursuant to HRPP Rule 48 was violated. He does not contend a violation of his constitutional right to speedy trial. We address only the HRPP Rule 48 claim that Nolen raises. Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7) ("Points not argued may be deemed waived.").

4

Applying this precedent, we determine that the circuit court was not wrong in concluding Nolen's counsel validly agreed to a continuance of trial, pursuant to HRPP Rule 48, on the basis that counsel required additional time to obtain and review transcripts in preparation for trial.

We further determine that the record is not sufficiently developed for this court to address Nolen's claim that his counsel provided ineffective assistance by agreeing to continue trial over his objection. State v. Silva, 75 Haw. 419, 439, 864 P.2d 583, 592 (1993) ("[N]ot every trial record is sufficiently developed to determine whether there has been ineffective assistance of counsel; indeed, a defendant is often only able to allege facts that, if proved, would entitle him or her to relief.").

We thus affirm the Judgment without prejudice to Nolen's filing of a petition for post-conviction relief, pursuant to HRPP Rule 40, to allow for the development of a factual record as to those contentions of ineffective assistance of counsel.

(2) Nolen contends that the circuit court erred in admitting evidence that his cell phone was attached to the peephole of his apartment door. Nolen contends that the admitted cell phone evidence was both irrelevant, under Hawaii Rules of Evidence (**HRE**) Rules 401 and 402 (2016), and more

prejudicial than probative, under HRE Rule 403.  We review the circuit court's determination of relevance under the right/wrong standard.  State v. Cordeiro, 99 Hawaiʻi 390, 404, 56 P.3d 692, 706 (2002).  We review the circuit court's determination that relevant evidence was more probative than prejudicial, pursuant to HRE Rule 403, for abuse of discretion.  Id.

HRE Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[5] Relevant evidence can include evidence of a defendant's "consciousness of guilt."  See Territory v. Corum, 34 Haw. 167, 189 (Haw. Terr. 1937) (Quoting 1 Wigmore on Evidence § 173, p. 224, for the proposition that, "[a] criminal act leaves usually on the mind a deep trace, in the shape of a consciousness of guilt, and from this consciousness of guilt we may argue to the doing of the deed by the bearer of the trace."); see also Cordeiro, 99 Hawaiʻi at 412, 56 P.3d at 714 (Quoting Mitchell v. State, 982 P.2d 717, 723 (Wyo. 1999), for the proposition that "[a] defendant's activity after committing a crime in an attempt to evade detection is relevant circumstantial evidence of guilt.") (cleaned up).  We conclude that the circuit court was

_____

[5]     HRE Rule 402 states, in pertinent part, that "[e]vidence which is not relevant is not admissible."

not wrong in determining that the evidence of the cell phone attached to Nolen's door was relevant to the question of Nolen's consciousness of guilt.

HRE Rule 403 requires the circuit court to balance whether the probative value of relevant evidence would be "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The record reflects that the cell phone evidence was probative to establishing that Nolen had positioned the cell phone to the peephole of his door to see who was approaching. On this record, we determine that the circuit court did not abuse its discretion in concluding that the cell phone evidence was more probative than prejudicial with respect to the State's argument of Nolen's consciousness of guilt.

The circuit court did not err in admitting the cell phone evidence at trial.

(3) Nolen contends that, because Hawaiʻi's Attempted Kidnapping statute does not include an element specifying a temporal duration of restraint, Nolen should have been charged with *Kidnapping* rather than Attempted Kidnapping. Nolen sets forth his argument as follows, "[h]ere, since [Nolen's] actions constituted a prohibited 'restraint,' all the elements for a

7

charge of kidnapping have been satisfied. However, the State did not charge [Nolen] with kidnapping but rather the charge of attempted kidnapping. Accordingly, there was insufficient evidence to support the attempted kidnapping charge." We disagree.

HRS § 707-720(1)(d) provides that "[a] person commits the offense of kidnapping if the person intentionally or knowingly restrains another person with intent to . . . [i]nflict bodily injury upon that person or subject that person to a sexual offense[.]" Pursuant to HRS § 705-500(1)(b), "[a] person is guilty of an attempt to commit a crime" if that person "[i]ntentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime."

CW testified at trial that, while CW was playing a motorcycle game, a man "poked [her] butt" with his finger. She further testified that, while she was about to play the Lost Land Adventure game, "[s]omeone tried to pick me up" "[w]ith his hands." She testified that the person "picked me up through the legs" touching "[m]y crotch[,]" at which time she "donkey kicked him" by "[throwing her] leg back." At that point, the person "dropped [her]." CW testified that she was "[s]cared" "[b]ecause I thought he'd take me." We find the above evidence

8

sufficient to support the jury's finding that Nolen took a "substantial step" towards "intentionally or knowingly restrain[ing]" CW, "with intent to . . . [i]nflict bodily injury upon that person or subject that person to a sexual offense[.]" HRS § 707-720(1)(d).

We conclude that the record contains sufficient evidence to support the jury's conviction for Attempted Kidnapping.

(4) Nolen contends that he was denied a "Proper [Tachibana] Colloquy" because the circuit court "obtained the waiver and ***then*** advised [Nolen] of his right to testify[.]" (Emphasis in original). We review the validity of a defendant's waiver in a criminal case of the right to testify under the right/wrong standard. State v. Celestine, 142 Hawaiʻi 165, 169, 415 P.3d 907, 911 (2018).

"[I]n order to protect the right to testify under the Hawaiʻi Constitution, trial courts must advise criminal defendants of their right to testify and must obtain an on-the-record waiver of that right in every case in which the defendant does not testify." Tachibana v. State, 79 Hawaiʻi 226, 236, 900 P.2d 1293, 1303 (1995) (footnote omitted). The Hawaiʻi Supreme Court has instructed that the required elements of the advisement,

> consist of informing the defendant (1) that they have a right to testify, (2) that if they want to testify, no one can prevent them from doing so, and (3) that if they testify, the prosecution will be allowed to cross-examine them. . . . [I]n connection with the privilege against self-incrimination, the defendant should also be advised (4) that they have a right not to testify and (5) that if they do not testify, then the jury can be instructed about that right.

State v. Martin, 146 Hawaiʻi 365, 378, 463 P.3d 1022, 1035 (2020) (citation omitted).

The record reflects that the circuit court engaged Nolen in a colloquy that included several verbal exchanges, in which the court both informed Nolen of his right to testify or not testify, and ascertained Nolen's "understanding of significant propositions in the advisement." Id. (cleaned up).

On this record, we conclude that the circuit court conducted a proper Tachibana colloquy, and that the circuit court was not wrong in finding that Nolen intentionally, knowingly, and intelligently waived his right to testify in his own defense.

For the foregoing reasons, the circuit court's Judgment of Conviction and Sentence, filed on March 13, 2019, is affirmed, without prejudice to Nolen's filing of an HRPP Rule 40

petition, and remanded for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, April 5, 2024.

| On the briefs: | /s/ Katherine G. Leonard<br>Acting Chief Judge |
|---|---|
| Emmanuel G. Guerrero,<br>for Defendant-Appellant. | /s/ Clyde J. Wadsworth<br>Associate Judge |
| Chad M. Kumagai,<br>Deputy Prosecuting Attorney,<br>City and County of Honolulu,<br>for Plaintiff-Appellee. | /s/ Kimberly T. Guidry<br>Associate Judge |